NORWALK MALL VENTURE *v.* MIJO, INC., ET AL.
(3955)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 4—decision released June 30, 1987

*Marshall Goldberg,* for the appellant (plaintiff).

*Reuben S. Midler,* for the appellee (named defendant).

BIELUCH, J. The plaintiff landlord appeals in this summary process action from that portion of the trial court's judgment finding for the named defendant tenant.[1] The plaintiff claims that the trial court erred in not finding that the dissolution of the corporate defendant constituted a breach of the lease, thereby entitling the plaintiff to possession of the leased premises. It also claims that the trial court erred in ruling that the notice to quit possession was prematurely served upon the defendant. We find error.

---

[1] The named defendant corporation has as its sole stockholders and officers Joseph Keating, Kathy Keating and Michael Gannon. These three persons were named as codefendants in this action. The trial court found for the plaintiff as against these three defendants, and no appeal has been taken from that portion of the trial court's judgment. As used in this opinion the term defendant refers only to the named defendant, Mijo, Inc.

The trial court made the following relevant findings of fact: The defendant leased space in the Norwalk Mall since November, 1982. The defendant was not operating a business at the leased premises, but continued to hold the lease as an investment for sale. In January, 1984, the plaintiff assumed ownership of the Norwalk Mall with full knowledge of the defendant's lease and nonoccupancy of the premises.

On April 16, 1984, the defendant assigned its lease to the individual defendants, Joseph Keating, Kathy Keating and Michael Gannon. On the following day, the defendant filed a certificate of corporate dissolution with the office of secretary of the state.

On May 14, 1984, the plaintiff gave written notice to the defendant by mail that it was in default of its lease agreement. It specifically stated that the defendant was in violation of paragraph three of the lease which requires that the tenant maintain a continuous business operation on the leased premises.[2] This notice also warned that "if such default continues for more than fifteen (15) days after May 14, 1984 . . . the lease and the term thereunder shall cease and expire in accordance with Paragraph 24A thereof on June 1, 1984, without further notice." On May 22, 1984, a notice to quit possession was served upon the defendant demanding that it quit possession of the premises on or before June 2, 1984, for the following reasons: "(1) Unauthorized occupancy (you are occupying these premises without any right or privilege to do so; whatever right or privilege you may have had to occupy

---

[2] Paragraph 3 of the lease agreement entitled "Continuous Operation," provides in full: "Notwithstanding any other provision of this lease, Tenant will conduct its business in the entire Premises for the uses generally outlined in Article 2 above, subject, however, to all of the terms, covenants and conditions of this lease, and in such consistent manner therewith as will achieve the maximum volume therefor, and that it will be open for business, and fully stocked, at least five (5) days per week and at least six (6) hours per day."

these premises has terminated); (2) Material breach of Paragraph 3 of your lease (Continuous Operation provision); (3) Non-payment of rent." On June 5, 1984, the plaintiff commenced a summary process action in three counts, seeking immediate possession of the premises.[3] The defendant interposed a number of special defenses to these counts.

The trial court found that the defendant had a right to occupy the premises even after filing the certificate of dissolution. It also found that the plaintiff failed to provide the defendant with adequate notice—particularly the fifteen days notice required by the lease—of its intent to enforce paragraph three of the lease agreement and was, therefore, "estopped from seeking to enforce the provision with respect to continuous operation." In the light of its holding that the plaintiff could not prevail on its claim for possession based upon the alleged breach of lease, the court did not rule on the defendant's various special defenses.

The plaintiff's first claim is that the court erred in finding that the dissolution of the defendant did not constitute a breach of the lease entitling the plaintiff to possession. The plaintiff's complaint alleged that the dissolution of the corporate defendant, effectuated by the filing of the certificate of dissolution with the office of secretary of the state on April 17, 1984, constituted a breach of paragraph 24A (c) of the lease agreement.[4] The plaintiff argues, therefore, that the defendant had no right of possession to the premises after June 2, 1984, as provided in the notice to quit.

---

[3] The plaintiff withdrew its claim based upon nonpayment of rent.

[4] Paragraph 24A (c) of the lease agreement provides in relevant part: "A. If the Tenant shall: . . . (c) . . . be dissolved, voluntarily or involuntarily, . . . this lease and the Term hereof shall upon the date specified in a notice, which date shall be not less than three (3) days after the date of mailing of such notice by Landlord to Tenant, wholly cease and expire, with the same force and effect as though the date so specified were the date hereinabove first set forth as the date of the expiration of the Term. . . . "

The trial court disagreed with the plaintiff's contention and found that under the provisions of General Statutes § 33-378,[5] "the filing of a Certificate of Dissolution does not wipe out the existence of the corporation but permits it to retain an existence to wind up its affairs which includes the disposing of its property." While the statement of the trial court is undoubtedly true, the court ignored the lease agreement which provided in unambiguous terms that the lease shall expire upon notice of three days or more if the corporate tenant dissolved, either voluntarily or involuntarily, as provided in paragraph 24A (c) of the lease. See footnote 3, supra.

The defendant does not deny that it filed a certificate of dissolution. It claims, rather, that the plaintiff was raising a claim of default based upon the dissolution of the corporation without having raised the claim in the notice of default or in the subsequent notice to quit possession. Therefore, the defendant claims, the

---

[5] General Statutes § 33-378 provides: "(a) Dissolution terminates the corporate existence of the dissolved corporation. (b) A dissolved corporation shall cease to carry on its business and shall do only such acts as are necessary or expedient to collect, convey and dispose of such of its properties as are not to be distributed in kind to its shareholders, pay, satisfy and discharge or make adequate provisions for its liabilities and obligations, distribute its assets, and adjust and wind up its business and affairs as expeditiously as practicable, and for such purpose it shall continue as a corporation. (c) The dissolution of a corporation shall not take away or impair any remedy available against such corporation for any right or claim existing at, or for any liability incurred prior to, dissolution, subject to the provisions of section 33-379. (d) No action or proceeding, civil or criminal, to which a corporation is a party shall abate by reason of dissolution. (e) Any action or proceeding by or against a dissolved corporation may be prosecuted or defended by the corporation in its corporate name, and such use of the corporate name is also available to a shareholder prosecuting or defending in a derivative capacity on behalf of a dissolved corporation. (f) The dissolution of a corporation shall not of itself render the shareholders liable for any liability or other obligation of the corporation nor vest title to the property of the corporation in the shareholders."

plaintiff was not entitled to recover on that basis. The record before us does not adequately support this claim of the defendant.

The plaintiff's notice to quit asserted as one of three grounds for the eviction that the defendant did not have any right or privilege to occupy the premises, its right or privilege of possession having been terminated. The defendant, at trial, claimed that the notice to quit was defective in that it failed to inform the defendant that the lease was being terminated because the defendant corporation had been dissolved. The trial court decided this issue against the defendant, and specifically found: "In this case the court is not faced with the question of whether the Notice to Quit [was] defective. In fact, it appears not to be." The defendant does not claim in this court that this finding of the trial court was in error.

While the notice to quit was not a model of particularity, we cannot find, on the basis of the record before us, that the trial court could not reasonably have found that the notice to quit was sufficient notice of termination under the lease agreement. *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 44–45, 521 A.2d 221 (1987).[6]

The defendant also claims that had the court found that the plaintiff was entitled to terminate the lease because of the dissolution of the corporate defendant, it could have found that the plaintiff failed to afford the defendant fifteen days allowed by the lease, to cure a default.[7] This argument is contrary to the unequivocal terms of paragraph 24A (c) of the lease which pro-

[6] The parties have not placed before us the issue of whether the notice to quit would satisfy General Statutes § 47a-23. We note, as did the trial court, that paragraph 24A (d) of the lease agreement waived the statutory requirement of a notice to quit possession.

[7] The defendant properly presented this alternate ground for affirming the trial court's judgment by filing its alternate preliminary statement of issues in accordance with Practice Book § 3012 (now § 4013).

vides that upon dissolution of the tenant, the lease shall be terminated upon the date specified in a written notice, "which date shall be not less than three (3) days after the date of mailing of such notice by Landlord to Tenant." It is clear that no provision was made for the "curing" of termination of the lease by dissolution of the corporate tenant.[8] The notice to quit possession given on May 22, 1984, was sufficient notice of the exercise of termination of the lease on June 2, 1984, and for the institution of this summary process action thereafter. We find that the plaintiff was entitled to terminate the lease upon the dissolution of the corporate defendant, and that the trial court's findings were contrary to the express provisions of the lease agreement. See *Central New Haven Development Corporation* v. *La Crepe, Inc.*, 177 Conn. 212, 215, 413 A.2d 840 (1979).

The case, therefore, must be remanded to the trial court for a new trial to determine whether the defendant can establish any of the special defenses as set forth in its answer which are relevant to the plaintiff's claim that the defendant was in default by virtue of its dissolution.

Even though the case is remanded for a new trial, we must address the plaintiff's second claim that the trial court erred in holding that the plaintiff was not entitled to terminate the lease for breach of the continuous operation requirement because it failed to afford the defendant fifteen days provided under the lease agreement to cure this defect. This issue may become relevant if the trial court, on remand, finds that

---

[8] The provisions for curing defaults are inapplicable to the dissolution of the tenant under paragraph 24A (c). Nonpayment of rent when due is correctible under paragraph 24A (a) within ten days after written notice of such default, and default in the observance of any other terms of the lease is correctible within fifteen days after written notice. There is, however, no period providing for the correction of a default based upon the dissolution of the corporate tenant.

the defendant has established any of its special defenses to the plaintiff's claim of termination based upon the corporate dissolution.

The trial court acknowledged that a tenant's failure to conduct a continuous business operation on the leased premises is a default under paragraph 3 of the lease. See footnote 2. The court found, however, that the lease agreement afforded the tenant fifteen days to cure such default before the landlord was entitled to terminate the lease.[9] It is undisputed that the defendant did not maintain a business operation at the leased premises. Written notice of this default was given to the defendant on May 14, 1984, by certified mail, return receipt requested. This letter informed the defendant that it had until June 1, 1984, to cure this default or the lease would be terminated pursuant to paragraph 24A. Eight days later, on May 22, 1984, the plaintiff served the defendant with a notice to quit the premises on June 2, 1984. The provisions of the notice to quit were unequivocal and final. The notice set forth: "PLEASE TAKE NOTICE that you are to QUIT POSSESSION and occupancy of the premises now occupied by you at 24 Belden Hill Ave., Norwalk, Connecticut, on or before June 2, 1984, for the following reasons: . . . (2) Material breach of Paragraph 3 of your lease (Continuous Operation provision)." No allowance was made in the notice for restoration of the tenancy upon the correction of the default within the time previously allowed by the plaintiff's notice of May 14, 1984.

The trial court found that "[a]bsent any such notice to the defendant and particularly absent the 15 day

[9] Paragraph 24A (a) of the lease agreement provides that any default of terms not specifically enumerated in paragraph 24A is subject to correction within fifteen days of written notice before the lease may be terminated. The continuous operation clause is enumerated as paragraph 3 of the lease and is subject, therefore, to the fifteen days curative provision under paragraph 24A (a).

notice required by the lease . . . the plaintiff [was] estopped from seeking to enforce the provision with respect to continuous operation.'' The plaintiff claims error in such trial court's finding that the defendant was not afforded the fifteen days cure period under the lease. It argues that the May 14, 1984 letter which notified the defendant of the default gave the defendant until June 1, 1984, to cure the defect or surrender its rights under the lease. It further argues that this time in which to remove the default was not affected by the May 22, 1984 notice to quit which informed the defendant that the lease would be terminated as of June 2, 1984. The plaintiff argues that the notice to quit did not legally and conclusively terminate the lease as of June 2, 1984, but merely gave the defendant notice that the lease would be terminated as of that date if the defendant did not timely cure the default.

The plaintiff's argument is contrary to the express terms of the notice to quit which were unequivocal, absolute and final. The plaintiff gave the defendant unqualified notice to quit possession of the premises on June 2, 1984. In view of the unequivocal declaration by the plaintiff on May 22, 1984, that the defendant was to surrender possession of the premises on June 2, 1984, the plaintiff cannot also maintain that it alternately afforded the defendant the requisite fifteen day period to remedy the default under the terms of the lease. We conclude, therefore, that the trial court correctly found that the failure of the plaintiff to allow the defendant fifteen days to cure the default under paragraph 3 precluded its claim for possession on the basis of that default on June 2, 1984.

There is error, the judgment is set aside as to the defendant Mijo, Inc., only, and the case is remanded for a new trial in accordance with this opinion.

In this opinion the other judges concurred.