[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
This is a commercial summary process action seeking possession of the defendant's office located at 4920 Main Street, Bridgeport, Connecticut. A written lease commenced April 15, 1992 and by its terms was to expire May 31, 1995. The Notice to Quit alleges "Lapse of Time". The defendants have filed a Motion to Strike pursuant to Practice Book § 151 et seq, alleging that the complaint is legally insufficient to state a CT Page 123-A claim upon which relief can be granted. Two reasons are advanced in the motion. The first reason is that the lease has yet to lapse and the notice to quit and summary process action is premature. The second reason is that the defendant's alleged lease violations of causing disturbances and its use of common areas is not in compliance with the reason set forth in the Notice to Quit and the notification terms of the lease.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152,; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v.Board of Education, 195 Conn. 90, 93 (1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of conclusions or opinion of the pleader. Verdon v. Transamerica InsuranceCompany, 187 Conn. 363, 365 (1982). The courts cannot assume a fact which has not been alleged. Mingachos supra p. 108. The court must construe the facts in the complaint most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 92 (1980). CT Page 123-B
A Notice to Quit is a condition precedent to the bringing of a summary process action. O'Keefe v. Atlantic Refining Co.,
Conn. 613, 624 (1946). A Notice to Quit is the basis for the inauguration of an action at law and as such it must conform to the statute. Vogel v. Backus, 133 Conn. 95, 98 (1946). The language used in the Notice to Quit must be in substantial compliance with Connecticut General Statutes § 47a-23b. Sandrewv. Pequot Drug, Inc., 4 Conn. App. 627, 632 (1985).
An examination of Connecticut General Statutes § 47a-23
indicated that there are two reasons which are applicable to the facts in this case. The first is found in Connecticut General Statutes § 47a-23(a)(1)(A) "lapse of time" and Connecticut General Statutes § 47a-23(a)(1)(C) "violation of the rental agreement or lease . . ." This instant Notice to Quit utilized only one of those reasons, "lapse of time". The citation of the phrase "lapse of time" substantially complies with § 47a-23. The statute states in subsection (b) "the notice shall be in writing substantially in the following form." CCC § 47a-23(b).CCC § 47a-23(b) also states "here insert the reason or reasons for the CT Page 123-C notice to quit possession or occupancy using the statutory language or words of similar import. . . ." The fact that the statute uses the phrase "by lapse of time" does not prevent the plaintiff from continuing on with the lawsuit using a Notice to Quit stating "lapse of time". The difference between these two phrases would be to exault form over substance and the courts will not engage in hypertechnical disections of the wording of the Notice to Quit. Jefferson Garden Associates v. Green,202 Conn. 145, 153, (1987).
In considering a Motion to Strike the court must admit the truth of the facts contained in the pleadings. Verdon v.Transamerica Insurance Company, supra 365. The lease in question dated April 2, 1992 has been attached to the pleadings and the court has reviewed the pleadings. The lease in Article 21.01 states "the term of this lease, for which the demised premises are hereby leased shall commence on April 15, 1992 (hereafter called the commencement date) and shall end at midnight on May 31, 1995, which ending date is hereafter called the expiration date or (b) such earlier date upon which said term may expire or be cancelled or terminated pursuant to any of CT Page 123-D the conditions or covenants of this lease or pursuant to law." Therefore on the face of the lease the expiration date of the lease is May 31, 1995 and service of Notice to Quit stating lapse of time on June 3, 1994 is premature. The reason set forth in the Notice to Quit, "lapse of time", is inconsistent with the expiration date of May 31, 1995, contained in the lease. The complaint is legally insufficient to state a claim upon which the statutory relief of summary process can be granted based on lapse of time.
The plaintiff argues that Article 21.01 relating to the term of the lease has a second clause which states "(b) such earlier date upon which said term may expire or be cancelled or terminated pursuant to any of the conditions or covenants of this lease or pursuant to law". The complaint and the substituted amended complaint point to a number of letters which are attached to the complaint indicating notice and second notice. The complaint further alleges that under the provisions of Article 21.01(b) notice of default was given of the violation of the lease terms relating to the common areas. The complaint further states that after the first notice was given the CT Page 123-E defendant did not cure the default and pursuant to the provisions of Article 21.01(b) contained in the lease the plaintiff on April 12, 1994 gave the defendant written notice, a second notice, that the lease between the plaintiff and the defendant terminated at midnight on April 30, 1994. As stated before Article 21.01 of the lease requires notice to be given if the tenant fails to perform certain provisions of the lease prior to the entry of the default and the tenant shall have 30 days within which to cure the condition complained of in the notice. This notice is very similar to that contained in a residential lease which under Connecticut General Statutes § 47a-15
notice is a prerequisite to the institution of summary process action prior to the landlord claiming that the tenant has violated certain clauses or conditions of the lease. Time for curing is a condition precedent under the Kapa notice requirements of § 47a-15. Kapa Associates v. Flores,35 Conn. Sup. 43, 48, (1964).
This is a commercial lease and therefore the Kapa notice provisions do not apply. Connecticut General Statutes § 470-1(d)
definition of "landlord" as owner of dwelling unit. Connecticut CT Page 123-F General Statutes § 47a-15 applies only to residential evictions. A similar rule and theory of law does apply to commercial leases. A landlord cannot commence eviction without first complying with the notice and compliance provisions with the lease. Norwalk Mall Venture v. Mijo, Inc., 11 Conn. App. 360,367-368 (1987). Therefore the plaintiff in order to take advantage of the alleged violations of the lease terms and the default clause must allege the compliance with Connecticut General Statutes § 47a-23 and state the specific reason. That specific reason for that type of eviction is found in Connecticut General Statutes § 47a-23(a)(1)(c) "violation of the rental agreement or lease. . . ." The Notice to Quit only alleges lapse of time therefore the Notice to Quit is insufficient to support the plaintiff's claim that there were violations of the lease and the lease somehow terminated. All summary process actions are based on the fact that the underlying lease or right to possession terminated. Webb v. Ambler, 125 Conn. 543, 555
(1939).
It is hornbook law that a summary process action cannot be brought until the lease is terminated. Thompson v. Coe,
CT Page 123-G96 Conn. 644, 651 (1921) An unequivocal act is necessary for the termination of the lease. Chapel-High Corporation v. Cavallaro,141 Conn. 407, 411 (1964). In the case at bar the default notice under Article 21.02 could be the unequivocal notice of default. It could be argued that the lease had terminated, since the lease had terminated as of April 12, 1994 the second notice, it could be further argued that there was no lease upon which a lapse of time could end since the lease was not in effect on June 3, 1994, the date the Notice to Quit was served. A lease requires a contract and a meeting of minds and once the lease has terminated there is no lease or contract in effect.Welk v. Bidewell, 135 Conn. 403, 497 (1946); Webb v. Ambler,145 Conn. 640, 647 (1965). Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574 (1988).
For the following reasons the Motion to Strike is hereby granted.
BY THE COURT,
KEVIN TIERNEY, JUDGE CT Page 123-H