[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has filed a Motion to Dismiss in this commercial summary process action. The motion alleges two grounds; 1) the Notice to Quit is equivocal since the two reasons stated in the Notice to Quit, "lapse of time" and "never had a right or privilege to occupy the subject premises" are mutually exclusive, and 2) the premises description in the Notice to Quit is vague and therefore renders the notice to quit equivocal.
DISCUSSION OF LAW
A Motion to Dismiss shall be used to assert the lack of CT Page 3429 jurisdiction over the subject matter. Southport Manor ConvalescentCenter, Inc. v. Foley, 216 Conn. 11, 12 (1990), Practice Book § 143. "The Motion to Dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Young v. Chase,18 Conn. 85, 90 (1989). A defective notice-to-quit deprives the court of subject matter jurisdiction. Rosato v. Keller, 5 CLT 325, p. 18, H-45.Windsor Properties, Inc. v. The Great Atlantic and Pacific Tea Company,Inc., 35 Conn. Sup. 297, 301 (1979); Marrinan v. Hamer, 5 Conn. App. 101,104 (1985). As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity. Lampasonav. Jacobs, 209 Conn. 724, 730 (1989). The notice to quit must be unequivocal for it to be sufficient to terminate the tenancy. Borst v.Ruff, 137 Conn. 359, 361 (1950); Thompson v. Coe, 96 Conn. 644, 651
(1921); Park Ridge Apartments v. McGann, H-571, September 26, 1984, (Goldstein, J.).
FACTS
The Notice to Quit served on the defendant at the commercial premises in accordance with Connecticut General Statutes § 47a-23(c)
stated two reasons for its issuance; 1) "Occupancy by one who never had right or privilege to occupy subject premises"; and 2) "Lapse of time".
The notice to quit contained the following premises description. "Premises located at 17 High Street, Second floor, Room #210, Norwalk, Connecticut (copy of floor plan attached as Exhibit B)." Attached to the notice to quit was a second floor plan of premises at 17 High Street, Norwalk, Connecticut. According to the plan the second floor consisted of premises approximately 97 feet by 80 feet which was divided into various rooms. Each of the rooms was numbered. One room, designated as 210, consisted of a rectangle 18 feet 7 inches long by 15 feet 16 inches wide. The diagram also contained red ink which totally encompassed the rectangular known as 210. Furthermore in the same red ink an arrow was drawn to the rectangle stating "RM 210". The notice to quit itself was directed to Shoff-Darby Insurance Company, Inc. 17 High Street, Second floor and Third floor Norwalk, Connecticut.
The plaintiff at oral argument indicated that the purpose of this summary process lawsuit was to terminate the occupancy rights of the defendants as to Room 210 located on the second floor of 17 High Street Norwalk, Connecticut. The parties both stipulated that the defendant also occupies other portions of the second floor located at 17 High Street Norwalk Connecticut and may occupy other portions of the building located at 17 High Street. CT Page 3430
 CONCLUSION A NOTICE TO QUIT STATING MORE THAN ONE REASON IS VALID
Summary process procedure is a creature of statute requiring that its language be narrowly construed and strictly followed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601 (1953), Vogel v.Bacus, 133 Conn. 95, 97 (1946). The statutory requirements for the language of the notice to quit are contained in Connecticut GeneralStatutes § 47a-23(b). "The notice shall be in writing substantially in the following form." The notice to quit shall contain reasons; "here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words or similar import."Connecticut General Statutes § 547a-23(b). Connecticut General Statutes§ 47a-23(a) contains the reasons to be used in a notice to quit; "By lapse of time", Connecticut General Statutes § 47a-23(a)(1)(A) and "when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises." Connecticut GeneralStatutes § 47a-23(a)(2). Although the exact statutory language was not used, the notice to quit statute only requires compliance in substantially the following form or words of similar import.Connecticut General Statutes § 47a-23(b) "When good cause for termination of a lease has been clearly shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Gardens Associates v.Greene, 202 Conn. 128, 145 (1987). The language of the notice to quit follow the Connecticut statute and is in substantial compliance with the reasons set forth in the statute.
The defendant further argues that the two reasons set forth are mutually exclusive and therefore render the notice equivocal. There is no such mutually exclusive limitation set forth in the summary process statute. A notice to quit may give more than one reason. Harrison v.Milling, H-537, April 6, 1984. Connecticut procedures permit the 1, plaintiff to claim alternative relief based upon an alternative construction of his cause of action. Karathanasapolous v. Omni BuildingAssoc., H-934, December 13, 1990, 3 CONN. L. RPTR. 665 (Berger, J.).
A number of reported cases have discussed the use of alternative reasons in a notice to quit. The leading case on that subject was decided by the Appellate Court in 1987. Norwalk Mall Venture v. Mijo,Inc., 11 Conn. App. 360 (1987). Mijo involved a commercial summary process action. The Notice to quit contained three reasons; "1) CT Page 3431 Unauthorized occupancy, you are occupying these premises without any right or privilege, to do so, whatever right or privilege you may have had to occupy these premises has terminated, 2) material breach of paragraph 3 of your lease continuous operation provision, and 3) non payment of rent." Although reversed for other reasons the court concluded, "The plaintiff's argument is contrary to the express terms of the notice to quit which were unequivocal, absolute and final." NorwalkMall Venture v. Mijo, supra, 368. "While the notice to quit was not a model of particularity, we cannot find, on the basis of the record before us, that the trial court could not reasonably have found that the notice to quit was sufficient notice of termination under the lease agreement." Norwalk Mall Venture v. Mijo, supra 365.
The more recent cases that talk about the specificity required for the exact acts that occur for the violation of a lease. Those cases require a description of the exact acts of serious nuisance and violations of rules and regulations. Housing Authority of the City ofBridgeport v. Rogers, SNBR-371, March 2, 1992, (Leheny, J.); HousingAuthority of the City of Danbury v. Albarran, TC-452, September 17, 1993, (McGrath, J.); Almagro v. Jackson, H-929, September 29, 1990, (Berger, J.); Almagro v. Jackson, H-929A, October 9, 1990, (Berger, J). There is no statutory nor practice book requirement that a notice to quit cannot be pled in the alternative. Practice Book § 137.
It appears that if a notice to quit does contain alternative reasons that are so vague that in fact the tenant has an inadequate notice of what the reasons for the eviction are, the notice to quit would then be equivocal in violation of common law standards. Thompsonv. Coe, supra 651. Camp v. Scott, 47 Conn. 366, 372-73 (1879); HartfordWheel Club v. Travelers. Ins. Company, 78 Conn. 355, 358 (1905); Read v.Tuttle, 35 Conn. 25, 26 (1868). Thomas E. Golden Realty Company v.Society for Savings, 31 Conn. App. 575, 580 (1983), SNBR-376 A.Intertown Realty Co. v. Reddick, H-935, (Holzberg, J).
It has been held in number of Housing Court cases that the inclusion of a number of reasons which are not applicable to the facts of the case can be such to render the notice to quit equivocal.Connecticut Light Power Co. v. Ponus Yacht Club Inc., SNBR-385, June 30, 1992. "In order to demonstrate its compliance with the notices required for proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction. Jefferson Gardens Associates v. Greene, supra 143.
Applying these standards to this commercial summary process CT Page 3432 eviction it is possible if not likely that the both of the reasons would apply because this eviction is attempting to terminate the occupancy of a small portion of a larger premises which is still occupied by the defendant. The notice to quit is not equivocal by containing what may appear to be mutually exclusive reasons.
THE PREMISES DESCRIPTION DID NOT RENDER THE NOTICE TO QUIT EQUIVOCAL
The premises description contained in the notice to quit does not render the notice to quit equivocal. The statute requires the notice to quit to contain as detailed a description of the premises as possible. "Here insert the address, including apartment number, or other designation, as applicable." Connecticut General Statutes § 47a-23(b)
This specific description requirement was added to the notice to quit statute by the legislature in 1987. P.A. 87-507. A commercial tenancy may involve a portion of a larger premises that can be divided, subdivided or changed during the period of tenancy or occupancy. This is unlike residential premises whose boundaries and descriptions tend to remain static. Therefore in commercial notices to quit an exact description of the premises is preferred. It is recommended that where there is a commercial lease the exact language used in the lease to describe the premises should be used in the notice to quit.
It appears that that is the exact procedure that was used in this case. This court cannot envision any more detailed description in a notice to quit. The City was named, the street was named, the number of the street was described, the exact floor in the building was described and the room number was described. If there was any doubt, a copy of the floor diagram was attached to the notice to quit which contained room #210 already imprinted in the diagram itself. If there was any further doubt, that was erased by the room #210 being encapsulated in red ink and further by another designation in red ink being drawn with an arrow to the room entitled "RM 210."
The defendant appears to argue that there some equivocal nature to the description contained in the notice to quit because the salutation and direction to the defendant tenant at the top of the notice to quit states "To: Shoff-Darby Insurance Company, Inc. 17 High Street, Second Floor, and Third Floor, Norwalk, Connecticut." The salutation appears to be the mailing address and/or the service address for the delivery of packages and commercial matters. It is clear from the examination of the notice to quit that the detailed description of the exact premises contained in the body of the notice to quit, not the salutation, is the section of the notice to quit that controls. Hiller v. Milan, H-738, June 2, 1991, (Holzberg, J.); Rich-Taubman Associates v. Herman'sCT Page 3433Sporting Goods, Inc., SNBR-329, May 30, 1989, (Riefberg, J.); Holtz v.Zona, NH-278, October 29, 1984, (Barnett, J.); Vogel v. Bacus, supra 101. "The summary process action must be dismissed if the address is misdescribed in the notice to quit unless the error is so minor that a reasonable person would not be confused by it." Holtz v. Zona, supra 3. Using common sense there can be no misunderstanding of the exact premises that are the subject of this notice to quit.
Although contained in a dissent in a case published 185 years ago, the following test appears to be relevant in determining whether or not a notice to quit meets the unequivocal standards regarding the description of a premises. "How is the sheriff to find the thing demanded." Talbot v. Wheeler, Volume IV, Day's Report 448, 456 (1810) (Simeon Baldwin, J., dissenting).
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE