[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO REVISE
This is a commercial summary process action. In accordance with Practice Book § 147(3), the defendant has filed a Request to Revise seeking a "separation of causes of action." The defendant is requesting that the plaintiff amend her complaint by alleging in three separate counts each of the three reasons stated in the notice to quit.
FACTS
The parties entered into a written lease for the premises at 70 Reef Road, Fairfield, Connecticut. The lease term ran from April 15, 1988 to April 1, 1993. Upon the expiration of the written lease, the complaint alleges that the lease continued on a month-to-month basis. On April 17, 1995, the plaintiff issued and served on the defendant, Timothy's Ice Cream, Inc., a notice to quit requiring the defendant to vacate the commercial premises on or before April 30, 1995. The notice to quit stated three reasons: (1) termination of lease, (2) lapse of time, and (3) no right to occupy premises. The defendant CT Page 7067 failed to vacate the premises and on May 1, 1995, the plaintiff instituted this summary process action. In one count the plaintiff alleged all three reasons for eviction.
The defendant filed a Request to Revise pursuant to Practice Book § 147(3) requesting that the plaintiff revise her complaint dated May 1, 1995, to set forth three grounds, each of which is supported by one separate reason contained in the notice to quit. The plaintiff filed an objection to the Request to Revise in proper form. The parties appeared and furnished oral argument.
DISCUSSION OF LAW
A Request to Revise is the proper method of seeking a "separation of causes of action which may be united in one complaint when they are improperly combined in one count." Practice Book § 147(3). Connecticut practice permits the pleading of alternative relief and alternative causes of action. Practice Book § 137. A notice to quit may give more than one reason. Harrison v. Milling, H-537, April 6, 1984 (Aronson, J.). Moisiadis v. Failla, H-941, March 1, 1991, 1991 Ct. Sup. 2802
(Berger, J.). The use of alternative reasons in a notice to quit supporting one summary process action is permitted in Connecticut.Norwalk Mall Venture v. Mijo, Inc., 11 Conn. App. 360, 362-363, 368
(1987); Seventeen High Street L.L.C. v. Shoff-Darby Ins. Co., SNBR-423, April 21, 1995, 1 Conn. Ops. 632 (June 5, 1995), 14 Conn. L. Rptr. No. 6 (June 26, 1995) (Tierney, J.), Moisiadis v. Failla, supra 2806.
Connecticut practice permits the joinder of causes of action.Practice Book § 133. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . .`A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant.'" (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531,546-547 (1991). "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies."Practice Book § 108.
The pleading "shall contain a concise statement of the facts constituting the cause of action." Practice Book § 131.
Summary process is a creature of statute requiring that its language be narrowly construed and strictly followed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601 (1953); Vogel v. Bacus,133 Conn. 95, 97 (1946). The notice to quit shall be "substantially in the following form" as set forth in the statute. General Statutes§ 47a-23(b). The reason or reasons for the notice to quit possession CT Page 7068 must be inserted in the notice to quit "using the statutory language or words of similar import." Connecticut General Statutes § 47a-23(b).
One of the purposes for seeking a request to revise is to set up the complaint in order to file a motion to strike testing the legal sufficiency of the allegations of the complaint. Practice Book § 152.
It is improper to file a motion to strike relating to a paragraph of a pleading. Only an entire count of a complaint or an entire special defense can be subject to a motion to strike. Practice Book § 152(1) andGordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988);Mingachos v. C.B.S., Inc., 196 Conn. 91, 109 (1985); Ivey Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530, n. 2 (1983).
The defendant in this particular case anticipates filing a motion to dismiss and/or a motion to strike regarding two of the three reasons set forth in the notice to quit. The plaintiff, therefore, must comply with the request to revise so that a proper motion can clearly be directed as to "allegations of any complaint." ConnecticutPractice Book §§ 143 and 152.
 CONCLUSION
The first reason set forth in the notice to quit is "termination of lease." In order to commence a summary process action, a valid notice to quit is a condition precedent. Lampasona v. Jacobs, 209 Conn. 724,728 (1989). Webb v. Ambler, 125 Conn. 539, 551 (1939). "The necessary and only basis of a summary process proceeding is that the lease has terminated." Webb v. Ambler, supra 551; Feneck v. Nowakowski,146 Conn. 434, 436 (1959). Failure to comply with the statutory language of a notice to quit deprives the court of subject matter jurisdiction.Marrinan v. Hamer, 5 Conn. App. 101, 103 (1985). "Termination of lease" is not a reason contained in a statutory notice to quit. ConnecticutGeneral Statutes § 47a-23(a). Cases have held that "termination of lease" as a reason in a notice to quit renders the notice to quit defective and deprives the court of subject matter jurisdiction. Elliotv. South Isle Food Corp., SNBR-143, October 15, 1984 (Driscoll, J.);Rosa v. Cristina, 135 Conn. 364, 365 (1949). McCaffery Estates CondoAssn. v. McCaffery, TC-537, July 9, 1992, 1992 Ct. Sup. 6544 (Silbert, J.).
The second reason set forth in the notice to quit is "lapse of time." As a condition precedent to a lapse of time eviction there must be a contract of lease and the lease has expired. Welk v. Bidwell,136 Conn. 603, 607 (1950); Fortuna, Inc. v. Lyons, 23 Conn. Sup. 389, 391
CT Page 7069 (1962). Bermudez v. Rodriguez, H-824, April 20, 1987 (Goldstein, J.). In order to allege lapse of time there must be specific allegation of the term of a lease and the date of expiration of that term at a specific time. Bermudez v. Rodriguez, H-798, December 17, 1986 (Goldstein, J.) Duprey v. Bourque, H-514, February 8, 1984 (Aronson, J.).
The third reason set forth in the notice to quit is "no right to occupy premises." The notice to quit statute was modified by P.A. 89-254 and divided the former reason, "one who has no right or privilege" to occupy the premises, into two separate reasons: "when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises", Connecticut GeneralStatutes § 47a-23(a)(2), and "when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated", Connecticut GeneralStatutes § 47a-23(a)(3). The phrase "no right to occupy premises" does not, on its face, pass statutory muster. It appears that a motion to strike and/or a motion to dismiss could be filed concerning that particular reason. Iacono v. Wilson, SNBR-408, January 27, 1995, 1 Conn. Ops. 267 (March 6, 1995), 13 Conn. L. Rptr. No 14 (April 3, 1995) (Tierney, J.). In the event that the plaintiff is arguing that "no right to occupy premises" means that there was never any right or privilege to occupy the premises, no allegation of any lease would be required. Connecticut General Statutes § 47a-23(a)(2). In the event that the plaintiff is seeking to claim that "no right or privilege to occupy said premises other than under a rental agreement or lease" is the basis of the eviction, the allegations of an arrangement other than a lease is required. Connecticut General Statutes § 47a-23a(3).
Therefore, the court determines that different facts and claims of law are required to support each of the three separate reasons for the notice to quit.
The Request to Revise is hereby granted. The plaintiff is ordered to separate her complaint into three separate counts, one for each of the three reasons set forth in the notice to quit.
BY THE COURT
KEVIN TIERNEY, JUDGE