[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, a commercial tenant, moves to dismiss this summary process action on the basis that the notice to quit is defective "in that it describes premises claimed to be occupied by the defendant, tenant, as also being occupied by the plaintiff, landlord. Failure to distinguish between the premises occupied by the defendant, tenant, and the plaintiff, landlord, deprives this Court of subject matter jurisdiction."
FACTS
The parties entered into a ten year lease for a retail premises commencing February 1, 1991. The lease describes the CT Page 12422 premises as "contains approximately 1,400 square feet and it is known as Store Unit 3 on the plan attached hereto as Exhibit A, excluding any basement area." The plaintiff claims the rent due August 1, 1995 was not paid. On August 29, 1995 the plaintiff served a notice to quit using form JD-HM-7 Rev. 2-89. In the box which contains the preprinted language "COMPLETE ADDRESS OF PREMISES, INCLUDING APARTMENT NO. IF ANY", the plaintiff typed "Unit 3, 35 Danbury Road, Wilton, CT 06897." The sheriff's return stated that service was made at "Unit 3, 35 Danbury Road, Wilton, CT.", on August 29, 1995.
The lease describes the landlord as "Wilson Properties Limited Partnership I, a partnership with an office and principal place of business at 57 Danbury Road, Wilton, CT." The notice to quit box preprinted "ADDRESS OF LANDLORD" contained the phrase, "35 Danbury Road, Wilton, CT. 06897." The address of the plaintiff on the face sheet of the summons is "Wilson Properties Limited Partnership No. 1, 35 Danbury Road, Wilton, CT."
No evidence was offered as to the exact portion of the premises at 35 Danbury Road occupied by the plaintiff, landlord. Since the original lease recited the plaintiff's office at 57 Danbury Road, Wilton, a fair inference would be that the landlord occupies an office elsewhere in the retail complex generally known as 35 Danbury Road, Wilton, CT., other than Store Unit 3. The parties had the opportunity to offer evidence but chose not to. Standard Tallow Corporation. v. Jowdy, 190 Conn. 48, 55
(1983).
DISCUSSION OF LAW
A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 729
(1989). The failure to describe the premises accurately deprives the court of subject matter jurisdiction. Rich-Taubman Associatesv. Hermann's Sporting Goods, Inc., SNBR-329, May 30, 1989 (Reifberg, J.), Holtz v. Zona, NH-278, October 29, 1984, (Barnett, J.), Vogel v. Bacus, 133 Conn. 95, 97 (1946). The legislature has required that the exact unit description be placed in the notice to quit; "here insert the address, including apartment number or other designation, as applicable."Connecticut General Statutes § 47a-23 (b), P.A. 87-507.
Although not required by statute, the best practice in a commercial eviction is to use the lease language describing the premises. Seventeen High Street, L.L.C. v. Shoff-Darby InsuranceCT Page 12423Company SNBR-423, 14 Conn. L. Rptr. 206 (April 21, 1995) (Tierney, J.). "It is recommended that where there is a commercial lease the exact language used in the lease to describe the premises should be used in the notice to quit." Seventeen High Street, L.L.C. v.Shoff-Darby Insurance Co., supra.
CONCLUSION
Although the exact language of the lease was not used in The notice to quit Store Unit 3 was described along with the street address of 35 Danbury Road, Wilton, Connecticut. This complies with the Rich-Taubman and Vogel v. Bacus rule. It complies withConnecticut General Statutes § 47a-23(b). The failure to use the phrase "approximately 1,400 square feet" or "excluding any basement area" does not detract from this description. Nor does the failure to attach lease Exhibit A to the notice to quit. The defendant was given fair and reasonable notice of the premises involved. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson GardensAssociates v. Greene, 202 Conn. 128, 143 (1987).
The defendant claims that the record indicates that the landlord and tenant both occupy the same premises. A Motion to Dismiss cannot take evidence outside the record. Standard TallowCorporation v. Jowdy, supra 56, Young v. Chase, 18 Conn. App. 85,95 (1989). Although a reasonable inference may be drawn that the landlord has offices elsewhere in the retail complex known as 35 Danbury Road, Wilton, Connecticut and does not occupy Store Unit 3, the court will assume for the purposes of this motion to dismiss that the landlord and tenant both occupy Store Unit 3.
Connecticut General Statutes § 47a-23(b) requires that the premises the tenant occupies be described. It does not require that the premises occupied by the landlord be described. The statute does not require that the tenant exclusively occupy the premises. An execution may be difficult or impossible to obtain if others occupy the premises. Connecticut GeneralStatutes § 47a-26h(a), Connecticut General Statutes §47a-42 (a). That fact still does not prevent the landlord from suing the tenant to obtain possession.
The court can envision a retail store that is rented by one CT Page 12424 tenant. The tenant has too much space and subleases a portion of the store to a second business with the landlord's prior consent. For example a newspaper stationary store can sublease a portion of the premises to a food-deli concession. The prime tenant then wants to evict the food deli concession subtenant utilizingConnecticut General Statutes § 47a-23. Neither the summary process statutes nor any housing session cases brought to the attention of this court prevent that eviction by the prime tenant as against a subtenant both occupying the same premises. Summary process cases involve the determination who has the highest title, i.e. who has the ultimate right of occupancy. In such a sublease co-occupancy case, the prime tenant can evict the subtenant. The landlord can evict the prime tenant as well as the subtenant.
Assuming the plaintiff, landlord, occupies Store Unit 3 as its offices, the court is not deprived of subject matter jurisdiction in entertaining a summary process lawsuit for the landlord to evict the tenant from Store Unit 3, 35 Danbury Road, Wilton, Connecticut.
The description used in the notice to quit, "Store Unit 3" is sufficient to comply with Connecticut General Statutes §47a-23(b).
The Motion to Dismiss is denied.
BY THE COURT, KEVIN TIERNEY, JUDGE