[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this Summary Process action, the plaintiff (B.I.S.S.) served a notice to quit on the defendants assigning as reasons: Transfer and assignment without landlord consent in contravention of the lease and failure to pay sewer assessment charges under the lease. Two of the defendants (Schatz and McKenna), filed special defenses, the fifth special defense claiming the Notice to Quit fails to state a proper statutory reason for the eviction and therefore the Court lacks subject matter jurisdiction. The parties have submitted this jurisdictional issue to the Court for determination as it could be dispositive of the case.
The defendants argue that the landlord cannot enforce the terms of the lease (the sewer assessment) against the assignee while at the same time not consenting to the assignment of the lease.
Section 47a-23(a) of the General Statutes provides that one of the statutory reasons for terminating a lease is a violation of its terms. The Notice to Quit alleges two specific allegations of lease violation.
The plaintiff is not required to do more than it did and it is not improper to claim alternative, mutually exclusive reasons for the termination. Seventeen High Steel L.L. C. v. Shoff-DarbyInsurance Company, 14 Conn. L.Rptr. No. 6, 206 (June 26, 1995), NorwalkMall Venture v. Mijo, Inc., 11 Conn. App. 360 (1987).
There is no logical reason why the landlord should have to treat as non-existent one of the provisions of the lease in order to pursue its rights under another.
The Court does not lack subject matter jurisdiction under the issues raised in the fifth special defense, therefore, the matter should proceed in accordance with applicable statutory provisions.
Klaczak, J. CT Page 14548