[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants Alfred Black and Carmen Gonzalez have moved to dismiss this summary process action for lack of jurisdiction because they were not served with a proper notice to quit.
The Notice to Quit assigns Three reasons: 1) no right or privilege, and/or 2) lapse of time, and/or 3) nonpayment of rent. Defe ndants contend this "shot gun" approach of listing reasons for termination is as ambiguous as stating "the landlord desires possession" and does not enable them to prepare a defense or anticipate what stay and appeal periods would apply to them. CT Page 5406
Plaintiff contends that because it owns the premises by virtue of a mortgage foreclosure and because real estate agents have been involved with the premises, the relationship between the plaintiff and the defendant is difficult to determine. Thus, more than one reason was included in the notice and was appropriate.
Section 47a-23 (b) of the General Statutes provides in pertinent part as follows:
 (b) The notice shall be in writing substantially in the following form: "I (or we) hereby give you notice that you are to quit possession or occupancy of the (land, building, apartment or dwelling unit, or of any-trailer or any land upon which a trailer is used or stands, as the case may be), now occupied by you at (here insert the address, including apartment number or other designation, as applicable), on or before the (here insert the date) for the following reason (here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import . . .) Emphasis supplied.
The phrase "statutory language or words of similar import" refers back to Section 47a-23 (a) which specifies the reasons for a notice to quit and includes those assigned by plaintiff in the notice served on the defendants, specifically
 (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: By lapse of time; (B) by reason of any expressed stipulation therein; (C) violation of the rental agreement or lease or of any rules or regulations adopted in accordance with section 47a-9 or 21-70; (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83; (E) nonpayment of rent when due for commercial property; (F) violation of section 47a-11 or subsection (b) of section 21-82; (G) nuisance, as defined in section 47a-32, or serious nuisance, as defined in section 47a-15 or 21-80; or (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilegeCT Page 5407 has terminated . . . .; (Emphasis supplied).
The statutes do not require plaintiff to do more, or less, than it did; and it is not improper to claim alternative, even mutually exclusive, reasons for the termination. B. I. S. S., Incv. Emmons, 15 Conn. L. Rptr. 502, (December 21, 1995); SeventeenHigh Steel L. L. C. v. Shoff-Darby Insurance Company,
14 Conn. L. Rptr. No. 6, 206 (June 26, 1995); see, Norwalk Mall Venture v.Mijo. Inc. 11 Conn. App. 360 (1987). Moreover, the allegations of the complaint and the tools of practice enable defendants to prepare a defense and to anticipate what stay and appeal provisions apply to their case.
The motion to dismiss is denied.
Tanzer, J.