NATHAN VOGEL *v.* SPIROS BACUS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided June 20, 1946

*Francis P. Rohrmayer,* for the plaintiff in error.

*Joseph P. Cooney,* with whom was *Charles R. Zartarian,* for the defendants in error.

DICKENSON, J. The defendants in error, referred to herein as the landlords, served a notice to quit possession of a store which they owned upon the plaintiff in error, their tenant, who is so designated herein, and brought summary process on his failure to yield possession. The tenancy was under a lease in which the premises were described as No. 487 Main Street, Hartford. The notice to quit is neither recited in nor made a part of the pleadings in the trial court; it does not appear to be a part of the trial court's record, upon which the writ of error must be based; and, though it is printed in the record before us, it cannot be considered. *Putterman* v. *Miller,* 133 Conn. 70, 72, 48 A.2d 235. We are confined to the statements as to it in the pleadings in the trial court and in the bill of exceptions attached to the writ. From these it appears that in the notice and the original summary process complaint the premises were described as No. 493 Main Street. The landlords amended their complaint on the return day by alleging that the premises described in the lease as 487 Main Street were also known as 489 Main Street and 493 Main Street. The tenant demurred to the complaint as amended on the ground that it appeared that the premises for which pos-

session was sought were not the same as those mentioned in the lease and complaint. The demurrer was overruled and the tenant answered over, denying that 487 and 489 Main Street were also known as 493 Main Street. It appears by the bill of exceptions that 493 Main Street was not the store leased to the tenant but one leased to a different person. The trial court held that the variance in numbers was immaterial and entered judgment for the landlords. The tenant assigns error in the overruling of the demurrer and in the ruling that the difference in street numbers was immaterial. The demurrer was upon the ground that the premises of which possession was sought were not those mentioned in the lease and complaint. The complaint alleged that they were the same and the demurrer perforce admitted it. *Hardy* v. *Scott,* 127 Conn. 722, 723, 19 A.2d 420. The trial court was not in error in overruling the demurrer.

The remaining claim of the tenant is that the amended complaint will not support the judgment because the premises referred to in the complaint were not the premises described in the notice to quit possession. General Statutes, Cum. Sup. 1939, § 1429e, requires the lessor to give notice to the lessee to quit possession of the "land, building or apartment" of which he desires possession in substantial compliance with a prescribed form, which includes the quoted words. In *Colt* v. *Eves,* 12 Conn. 243, 260, we indicated that in view of the summary nature of the process the statute must be strictly followed, and the judgment to be rendered is for the possession of the property "of which he [the lessor] claims he is excluded." "Under our law this statutory remedy is to be construed strictly."

*Lorch* v. *Page,* 97 Conn. 66, 69, 115 A. 681. *Molzon* v. *Carroll,* 91 Conn. 642, 644, 100 A. 1057, on which the landlords rely as authority for a contrary conclusion, does not relate to the statutory notice to quit but to one provided in a lease. In *Webb* v. *Ambler,* 125 Conn. 543, 552, 7 A.2d 228, while we held that the notice might be signed by an agent of the lessor, we pointed out that it was the basis for the inauguration of an action at law. And see *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 622, 46 A.2d 343. As such it must conform to the statute. The bill of exceptions in the instant case establishes the fact that the notice to quit described a property different from that of which possession was sought, and occupied by a person other than the plaintiff in error. Nor is it stated therein that, despite the incorrect number, the plaintiff in error received due notice to quit possession of the premises he occupied. Upon the record before us, we must hold the notice invalid.

The landlords further contend that, even so, under the terms of the lease, notice to quit possession was waived, and that the judgment was properly rendered on the amended complaint, which contained the correct street numbers of the premises. The writ, signed by the clerk of the trial court, contains a statement that at the time of the filing of the complaint there was in court a copy of the lease as a part of the record. The lease was not made a part of the complaint, nor is it annexed to the bill of exceptions. The typewritten copy of the complete proceedings in the trial court filed with us fails to disclose any procedure by which the lease was made a part of the record. The actual record in the trial court must prevail over the statement in the writ.

We are limited in our consideration to such references to the lease as appear in the bill of exceptions, and these do not include any provision for a waiver of notice. *Lamenza* v. *Shelton,* 96 Conn. 403, 413, 114 A. 96; *Noll* v. *Moran,* 94 Conn. 452, 456, 109 A. 241. The trial court does not appear to have considered the effect of the lease as waiving notice under the statute.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion, MALTBIE, C. J., BROWN and ELLS, Js., concurred.

JENNINGS, J. I agree on the law but think the rescript should require that judgment enter for the tenant.