## WALLINGFORD INDUSTRIAL PARK *v.* FABRICATED METALS FOR ELECTRONICS, INC.

SUPERIOR COURT
JUDICIAL DISTRICT OF
NEW HAVEN AT NEW HAVEN

HOUSING SESSION
FILE No. SP NH-8406-6945

Memorandum filed August 13, 1984

*Richard F. Connors,* for the plaintiff.

*Liebman, Rashba, Goldblatt & Greenstein,* for the defendant.

BARNETT, J. In this summary process case, the plaintiff seeks to evict the defendant on the ground that the lease has expired by lapse of time. The question raised by the motion to dismiss is whether a defective notice

to quit possession is fatal to the landlord's suit when the requirement of a notice to quit has been waived in the lease. A summary of the facts puts the issue into proper perspective.

On May 8, 1984, the defendant was served with a notice to quit possession of No. 49 North Plains Road, Wallingford, on or before May 18, 1984, for the stated reason that the term of the lease had expired. Service was accomplished by placing a copy of the notice in the hands of the defendant's comptroller. Subsequently, on June 11, 1984, the complaint was served upon the defendant by leaving a true and attested copy with its president.

Paragraph 4 of the complaint reads as follows: "Although by [the] terms [of the lease] the defendant had waived its right to receive a notice to quit, nevertheless the plaintiff served the same upon the defendant notifying it that it must vacate the premises on May 18, 1984."

Apparently, a copy of the notice to quit was appended to both the original and the defendant's copy of the complaint. The complaint itself designates the premises only as being located on North Plains Industrial Road.

The defendant's motion, filed on June 11, 1984, contends that the court lacks jurisdiction to entertain the suit because an incorrect address was recited in the notice to quit. At the hearing, a vice president of the defendant testified that the correct address of the leased premises is No. 47 North Plains Industrial Road.[1] A photograph of the building shows a large "47" on

---

[1] The essence of the defendant's claim as expressed in its brief and orally was that the notice was defective because of an error in the designation of the street *number*. No claim was made that a defect existed because the notice described the street as "North Plains Road" rather than "North Plains Industrial Road."

the left upper corner of the front side of the building. According to the defendant's vice president, the number was changed from "41" to "47" about one year ago and the large numerals were placed upon the building by the lessor. The plaintiff's evidence consisted of an affidavit which incorporated the lease. See Practice Book § 143. Paragraph 6 of the lease contains the waiver provision.[2]

In deciding the jurisdictional question, the court is not proceeding on an entirely clean slate. The statutory remedy of summary process is in derogation of the common law and therefore must be strictly construed. *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 601, 96 A.2d 217 (1953). And it is beyond question that a lack of strict pursuance of the procedure prescribed by the statute deprives the court of jurisdiction to hear the case. *Vogel* v. *Bacus,* 133 Conn. 95, 97, 48 A.2d 237 (1946); *Housing Authority* v. *Bond,* 30 Conn. Sup. 580, 581–82, 311 A.2d 559 (1973).

Moreover, since the advent of the Housing Session, there have been holdings that a misdescription of address in the notice to quit is a jurisdictional defect. E.g., *Reed* v. *Wilson,* Housing Session, Judicial District of New Haven, Docket No. 8111-252 (1981); *DiMauro* v. *D'Atil,* Housing Session, Judicial District of Hartford-New Britain at Hartford, Docket No. 3966 (1980). These decisions, however, did not involve evictions based upon lapse of time or the waiver of notice provision in lapse of time situations that is sanctioned by

---

[2] Paragraph 6 provides for a waiver of the tenant's right to a notice to quit possession for terminations resulting from express stipulations in the lease as well as for lapse of time. Since the present action is based solely upon lapse of time, the court has followed the settled jurisprudential rule of confining its decision to the facts at hand. See *Ashwander* v. *TVA,* 297 U.S. 288, 346–48, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring). No opinion is expressed as to the efficacy of paragraph 6 in other situations.

General Statutes § 47a-25.[3] Consequently, these cases do not have the precedential value advocated for them by the defendant.

In the opinion of the court, a resolution of the present issue should begin with an appreciation of the purpose of the notice to quit in the statutory scheme. The Connecticut Supreme Court, in *Webb* v. *Ambler,* 125 Conn. 543, 552, 7 A.2d 228 (1939) said that "[t]he notice to quit under the statute is the basis for the inauguration of an action at law." The reasoning behind these words was explained in *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 46 A.2d 343 (1946). "The effect of the notice is to fix a day occupancy beyond which will subject the lessee to [eviction] proceedings." Id., 622. On this basis, it is logical to distinguish between tenancies that supposedly have run their course and those where landlords attempt to shorten terms because of alleged defaults by tenants. Obviously, the General Assembly has made such a distinction in the enactment of General Statutes § 47a-25.[4]

A granting of the defendant's motion would impose a condition precedent of notice upon the plaintiff's cause of action in a situation where § 47a-25 states expressly that none is necessary. Under the circumstances of this case, the notice to quit is surplusage and for that reason the defect in it does not impair the ability of the court to proceed.

---

[3] The eviction in *DiMauro* v. *D'Atil,* Housing Session, Judicial District of Hartford-New Britain at Hartford, Docket No. 3966 (1980), was for nonpayment of rent. The ground for eviction is not specified by the opinion in *Reed* v. *Wilson,* Housing Session, Judicial District of New Haven, Docket No. 8111–252 (1981). The *Reed* opinion, however, contains no mention of General Statutes § 47a-25.

[4] General Statutes § 47a-25 provides in pertinent part: "When, in any written lease . . . notice to quit possession has been expressly waived by the lessee in the event such lease terminates by lapse of time, the eight days' notice prescribed in sections 47a-23 and 47a-23a shall not be necessary; *and complaint and summons may issue in the same manner as if such notice to quit had been previously given."* (Emphasis added.)

This ruling does not conflict with *Vogel* v. *Bacus,* supra. In *Vogel,* the Supreme Court on a writ of error[5] declined to consider a claim that a clause of a lease waived the tenant's right to a notice to quit possession. Two reasons were stated for the declination. First, there was nothing in the record to indicate that the trial court had considered the effect of the lease as waiving notice under the statute.[6] Second, the references to the lease in the bill of exceptions did not include any provision for a waiver.[7] Here, the defendant's waiver was pleaded in the complaint, and present rules of practice require pretrial litigation of the jurisdictional question. Practice Book §§ 112, 142.

The motion to dismiss is denied.

---

[5] Formerly, a writ of error was the only method of review for an original judgment in summary process. See Maltbie, Conn. App. Proc., § 241.

[6] An appellate court ordinarily does not consider claims of law not made at the trial. *State* v. *Johnson,* 166 Conn. 439, 445, 352 A.2d 294 (1974).

[7] On a writ of error, the reviewing court presumes that the bill of exceptions contains everything necessary to present the claimed errors. Maltbie, Conn. App. Proc. § 241.