[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING DEFENDANT'S CT Page 6734 MOTION TO DISMISS AND PLAINTIFF'S AMENDMENT
FACTS
On May 6, 1993, the plaintiff, Sleeping Giant Associates Limited Partnership, filed a one-count complaint against the defendants, Robert Blakeslee and Jeanne Zikorus, seeking a judgment for immediate possession of the premises known as the Sleeping Giant Golf Course (hereinafter "golf course"). Robert Blakeslee was not served with the complaint; Jeanne Zikorus, therefore, is the only defendant to this action. (Letter from Attorney Gilson to the court filed May 6, 1993). The complaint alleges the following facts. In September, 1975, the plaintiff leased the golf course to Walter Zikorus for a period of years. The lease was extended several times and finally lapsed on March 31, 1993. The lease was not extended or renewed after that date. On March 16, 1993, Walter Zikorus died. The golf course is currently in the possession of the defendant, Jeanne Zikorus, the widow of Walter Zikorus and executrix of his estate. On April 8, 1993, the plaintiff served on the defendant a notice to quit which required the defendant to vacate the premises by April 15, 1993. The defendant, however, remains in possession of the golf course. Attached to the complaint are copies of the description of the premises and the notice to quit.
On May 20, 1993, the defendant filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and a supporting memorandum of law. The defendant claims that the notice to quit was defective, thereby depriving the court of subject matter jurisdiction. The defendant also filed an affidavit of the defendant attesting to the accuracy of the attached copy of the lease between the plaintiff and Walter Zikorus.
On June 2, 1993, when the motion to dismiss was argued at short calendar, the plaintiff filed an amended complaint against the defendant. In the amended complaint the plaintiff re-alleges the allegations in the original complaint and further alleges the following facts. Prior to the termination of the lease, the defendant orally and in writing represented to the plaintiff that she intended to remain in possession. The plaintiff indicated its lack of agreement to a holdover tenancy in writing. Furthermore, the tenant, under the lease, had waived CT Page 6735 his right to a notice to quit. On June 2, 1993, the plaintiff also filed a memorandum in opposition to the motion to dismiss.
As requested by the court, on June 8, 1993, the parties filed memoranda on the status of the pleadings. The defendant also filed a request for leave to file a motion to dismiss.
DISCUSSION
The court's jurisdiction may be challenged by a motion to dismiss. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations and quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 542, 590 A.2d 914 (1992). The superior court has subject matter jurisdiction over summary process actions. General Statutes 47a-23a.
The defendant claims that the notice to quit was defective and, therefore, that the court does not have subject matter jurisdiction. "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724, 729, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989).
"The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 582, 548 A.2d 774, cert. denied, 209 Conn. 826,552 A.2d 432 (1988). As a general rule, a valid notice to quit is required. Where the lease contains a waiver, however, the notice to quit has been considered surplusage and, therefore, a defect in the notice to quit does not impair the ability of the court to hear the case. Wallingford Industrial Park v. Fabricated Metals for Electronics, Inc., 40 Conn. Sup. 107, 110,482 A.2d 323 (Super.Ct. Housing Sess. 1984). See also General Statutes 47a-25 (where lease contains waiver, notice to quit not required for jurisdiction).
 [I]f a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted," a motion CT Page 6736 to strike is required. Baskin's Appeal on Probate, 194 Conn. 635, 640, 484 A.2d 934 (1984); see also Practice Book 152. A motion to dismiss, by contrast, "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Baskin's Appeal from Probate, supra.
Gurliacci v. Mayer, supra, 544. In the case presently before the court, the defendant submitted a copy of the lease to the court. In reviewing the record to determine whether the court has subject matter jurisdiction, the court can review the lease. See Lampsona v. Jacobs, 7 Conn. App. 639, 641, 509 A.2d 1089 (1986), aff'd, 209 Conn. 724, 553 A.2d 175, cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989) (court can consider pleadings and affidavits and take other evidence in determining subject matter jurisdiction). Because the lease contains a waiver of the notice to quit, the court has subject matter jurisdiction over this claim. See Wallingford Industrial Park v. Fabricated Metals for Electronics, Inc., supra. By not originally alleging the waiver of the notice to quit in the complaint, the plaintiff may not have complied with all the requirements to state a legally sufficient cause of action. Accordingly, the motion to dismiss is denied because a motion to strike is the proper procedural vehicle.
The defendant also claims that the plaintiff should not be permitted to amend its complaint while the defendant's motion to dismiss was pending before the court. The plaintiff may amend any defect in its complaint within the first thirty days after the return date. General Statutes 52-128; Practice Book 175; Marrinan v. Hamer, 5 Conn. App. 101, 103, 497 A.2d 67 (1985). An amendment within thirty days is an amendment as of right, and does not require that any motion "be entertained" by the court. Sheehan v. Zoning Commission, 173 Conn. 408, 412-13, 378 A.2d 519
(1977). The plaintiff may cure a defect after a motion to dismiss has been filed and before the motion has been acted upon by the court. Franchi v. Farmholme, Inc., 191 Conn. 201, 208,464 A.2d 35 (1983). This right to amend is effective whenever the amendment is made before the commencement of trial. McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 564, CT Page 6737473 A.2d 1185 (1984).
Sleeping Giant Associates filed its amended complaint with the court within thirty days of the return date and prior to the commencement of trial. That amendment is valid even though a motion to dismiss for lack of subject matter jurisdiction is pending because an amendment as of right requires no action by the court.
Accordingly, the defendant's motion to dismiss is denied and the plaintiff's amended complaint is effective.
Clarine Nardi Riddle, Judge