[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action on a promissory note. The defendants have moved to dismiss this case claiming the court has no subject matter jurisdiction. This action commenced pursuant to service of a Summons and Direction for Attachment and Garnishment (pursuant to Commercial Waiver), an Application for Prejudgment Remedies with a hearing, an Order for Hearing and Notice, the Affidavit of Michael S. Haines in support of Prejudgment Remedies, CT Page 11096 a signed Complaint, a Notice of Rights to Defendants (the "Notice of Rights"), a proposed Order Granting Prejudgment Remedies, a Motion for Prejudgment Disclosure of Property and Assets, and a proposed Order for Disclosure of Property and Assets, all dated July 13, 1992. Pursuant to the attorney-issued Writ of Direction for Attachment and Garnishment, certain real and personal property of the Defendants was attached or garnished during July 1992.
The defendants base their argument on their interpretation of the chapter setting forth prejudgment remedies, Sections 52-278a et seq. The plaintiff claims to have rights under a commercial waiver; the statute governing such waivers is Section 52-278f. The defendants argue that that statute allows for an issuance of a prejudgment remedy without court order but conditions the right to such a remedy by requiring that a certain type of notice be included in the process served on the defendant.
The defendant maintains the notice was inadequate because it was not in capital letters and was not included in the "process" as it was not in the summons or complaint but apparently was on two pieces of paper which were merely attached to the complaint.
The defendants argue that a plaintiff's right to a prejudgment remedy is founded and regulated by statute and that the plaintiff here did not comply with the notice requirements of the statute as just noted. They then argue that because of this failure to comply with the statute providing prejudgment remedies, the court has no jurisdiction over the ancillary or underlying action on the promissory note to guarantee the security of which the prejudgment remedy was sought in the first place. Accepting the defendant's argument would lead to rather an odd result. Statutes designed to enhance and protect a plaintiff's rights by providing an independent, and ancillary procedure to attach property to guarantee a possible future judgment would be used to throw the plaintiff entirely out of court.
The defendants cite several cases that stand for the irrefutable proposition that when a right or remedy is based not on common law but on statute, failure to comply with statutory requirements deprives the court of CT Page 11097 jurisdiction. Cases are cited under the summary process statute, City of Bridgeport v. Barbour-David Electronics,16 Conn. App. 574, 5822 (1988); Wallingford Industrial Park v. Fabricated Metals, 40 Conn. Sup. 107, 109 (1984), under the Housing Code Enforcement Act, Dugan v. Milledge,196 Conn. 591, 595 (1985). The defendants also could have cited zoning appeal cases such as Simko v. Board of Appeals,205 Conn. 413, 419 (1987). The two other cases cited by the defendants under the attachment statute and the lien-discharge statute stand for the same principle. D'Andrea v. Rende, 123 Conn. 377, 380 (1937). Guilford Yacht Club v. Northeast Dredging, 192 Conn. 10, 13 (1984). These cases are not on point. They merely hold that if a party wants the remedy that a statute alone provides, it must comply with statutory requirements that indicate how the action should be initiated.
The statute the defendants claim the plaintiff did not comply with is the one providing for prejudgment remedies — if the plaintiff did not comply with the notice provisions of that statute, the remedy it should lose is the right to the statutory prejudgment remedy not the right to continue the underlying and completely separate common law right to sue on a note.
The defendants argument misconceives the whole purpose of the prejudgment remedy: "The general purpose of such an attachment is to secure the appearance of the defendant and to furnish security for any judgment plaintiff may receive." Cordoba Shipping Co. Ltd. v. Maro Shipping Ltrd., 494 F. Sup. 183, 186 (1980). More importantly, they do not perceive the nature of the prejudgment remedy and how it relates to the action which gives rise to it. As the court said in E. J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, 629 (1975):
 . . . "prejudgment remedy proceedings . . . are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of the adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. The hearing on the application for CT Page 11098 the prejudgment remedy is a separate and distinct statutory judicial proceeding which is terminated by the order of the court rendered as a result of its determination of a narrowly restricted question, viz., "whether or not there is probable cause to sustain the validity of the plaintiff's claim." The decision of the court in the separate and distinct proceeding prescribed by [the prejudgment remedy statutes] concludes the rights of the parties as to the available prejudgment remedy so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them."
The court went on to hold that because of this reasoning the orders issued by the trial court concerning the prejudgment remedies were final orders from which an appeal may be taken.
The defendants do not claim that an action on the promissory note was not properly commenced; they were served with a complaint and it was returned to court. Due process does not require the court to take any action since, if there were defects in the notice, the defendants can move to modify the prejudgment remedy and, as E. J. Hansen Elevator provides, they have a right to appeal if they are dissatisfied with their complaints about notice.
The court sees a further difficulty with the ambit of the defendant's argument. Section 52-278h provides for the filing of an application for a prejudgment remedy "at any time after the institution of the action." What if the application in such a case did not meet the necessary notice requirements? The defendant in such a case could hardly claim that not only should the prejudgment remedy be denied but the underlying and previously instituted action should be thrown out of court on jurisdictional grounds. Given the independent nature of the two actions as noted in E. J. Hansen Elevator Co., the defendants are really making the same claim here.
In any event, the motion to dismiss is denied; the court will not discuss whether in fact the notice provisions involved in this case were complied with since CT Page 11099 that question does not raise a jurisdictional issue.
Corradino, J.