[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 10, 1994, the plaintiff, Bancboston Mortgage Corporation, filed a two-count summary process eviction complaint against the defendants, Stephen Smith and Paul Quenzer. Said CT Page 5157 complaint alleges the following relevant facts: The plaintiff is the owner of the premises at 52 Maple Ave. W, Haddam, Connecticut. The defendant, who has been in possession of said premises at all material times hereto, and remains in possession, is occupying the premises under its prior owner pursuant to an oral lease or rental agreement for a term of one month, which time has lapsed and the defendant continues to holdover without the agreement or consent of the plaintiff. On July 18, 1994, the plaintiff caused a Notice to Quit to be duly served on the defendant requiring the defendant to quit possession on or before August 1, 1994. The time designated in the Notice to Quit has passed, and the defendant continues in possession. Additionally, the defendant's right or privilege to possess the premises has terminated because the plaintiff has foreclosed its mortgage from the prior owner and has acquired title to the property with the sole right of possession therein.
Thereafter, on September 1, 1994, the defendants filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof, on the ground that, because the address of the premises set forth in the Notice to Quit and the Complaint is improper, the court is deprived of subject matter jurisdiction over the action. In response, the plaintiff filed a memorandum of law, dated February 7, 1995, in support of its objection to the defendants' motion to dismiss.
The notice to quit recites that the address of the defendants is "52 Maple Avenue — W, Haddam, Connecticut." According to the defendants, however, although there is a "Maple Avenue" and a "Maple Avenue West" in Haddam, there is no such address as "52 Maple Avenue W." Consequently, the defendants argue, this action must be dismissed for lack of subject matter jurisdiction, because a notice to quit describing property different from that of which possession is sought is invalid, and a valid notice to quit is essential to establishing jurisdiction in a summary process action. In response, the plaintiff argues that because the dictionary recognizes that "W." is an acceptable abbreviation for "West," the Notice to Quit does describe the subject property as 52 Maple Avenue West. Accordingly, the plaintiff argues, the notice to quit and the complaint are valid, and the court is not deprived of subject matter jurisdiction.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
CT Page 5158 (1985). A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard, by the court." (Citation omitted; internal quotation marks omitted; emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4), insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Ambroise v. William Raveis Real Estate,Inc., 226 Conn. 757, 764-65, 628 A.2d 1303 (1993). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted; internal quotation marks omitted.) In re JudicialInquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545 (1992). "Moreover, whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." (Citations omitted; internal quotation marks omitted.) Id.
"The purpose of summary process proceedings is to permit the landlord to recover possession of the premises upon termination of a lease without experiencing the delay, loss, and expense to which he might be subjected under a common law cause of action."Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,581, 548 A.2d 744 (1988). "[B]ecause of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed." Southland Corp. v. Vernon,1 Conn. App. 439, 452, 473 A.2d 318 (1984)." (Citations omitted.) Id., 582. Indeed, "[t]he failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." Id., citing Windsor Properties, Inc. v. GreatAtlantic Pacific Tea Co., 35 Conn. Sup. 297, 301 (Super.Ct., 1979).
"A notice to quit is the basis for the inauguration of an action at law and, as such, it must conform to the statute."Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 631,495 A.2d 1127 (1985), citing Vogel v. Bacus, 133 Conn. 95, 98, 48 A.2d 237
(1946); Webb v. Ambler, 125 Conn. 543, 552, 7 A.2d 228 (1939). CT Page 5159 See also O'Keefe v. Atlantic Refining Co., 132 Conn. 613, 622,46 A.2d 343 (1946) (the notice to quit is a condition precedent to the bringing of a summary process action). Thus, "[w]ithout a valid notice to quit, there can be no foundation for a summary process action." Bridgeport v. Barbour-Daniel Electronics, Inc., supra, 16 Conn. App. 583, citing Sandrew v. Pequot Drug, Inc., supra, 4 Conn. App. 631-32.
In the present matter, the only case relied on by the defendants to support their assertion that the subject notice to quit and complaint are invalid, is Vogel v. Bacus, supra. Therein, the tenant claimed that the landlords' notice to quit was invalid because, although the tenancy was under a lease in which the premises were described as "No. 487 Main Street" the notice to quit and the original summary process complaint described the premises as "No. 493 Main Street." Id., 96-97. The Supreme Court, strictly construing General Statutes, Cum. Sup. 1939, § 1429e (now General Statutes § 47a-23, which "require[d] the lessor to give notice to the lessee to quit possession of the `land, building or apartment's of which he desires possession. . . ." agreed, holding that a notice to quit is invalid where it describes property different from that of which possession is sought. Id., 97-98. See also Broderick v.DuBois, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. SPN-9109-16322-PE (November 18, 1991, Berger, J.) (where premises of which possession is sought has an apartment number, and notice to quit fails to identify said number or designation, notice is invalid); New Haven v.Konstandinidis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. SPBR-9104-19904 (May 22, 1991, Leheny, J.) (it is well established that variance in the address between the notice to quit and the complaint, or the notice to quit and the lease, are fatal jurisdictional defects).
The present case is distinguishable from Vogel v. Bacus, supra, however, because the premises described in the plaintiff's complaint and notice to quit, "52 Maple Ave. W, Haddam, Connecticut," is the premises of which plaintiff is seeking possession — namely "52 Maple Ave. West, Haddam, Connecticut" — because the letter "W" is commonly understood and accepted as the abbreviation for the word "west." See, e.g., Black's Law Dictionary (6th Ed. 1990) (the letter W, "[a]s an abbreviation, . . . frequently stands for . . . "west"). Moreover, in Vogel v. Bacus, supra, the court found that the premises of which possession was sought by the landlord was CT Page 5160 actually occupied by a person other than the subject tenant. Id., 98. In the present case, however, there is no allegation that someone other than the defendants was, or is, occupying the premises of which possession is sought.
"[E]ven under the strict construction rule" set forth above, to hold the within notice to quit defective "would be the height of hypertechnicality." Southland Corp. v. Vernon, supra,1 Conn. App. 453. Accordingly, the defendants' motion to dismiss is denied.
COFIELD, J.