[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this commercial summary process action, the plaintiff seeks to dispossess the defendant for lapse of time of an oral monthly lease. The defendant moves to dismiss the action on the grounds that the Notice to Quit does not describe the premises with sufficient specificity.
FACTS
The plaintiff served the Notice to Quit on the defendants Robert Barrett, dba Sk8ters and Sk8ters LLC describing the premises as those "located at No. 1375 Hopmeadow Street in the City/Town of Simsbury, County of Hartford and State of Connecticut". The complaint alleges the premises CT Page 11300-K to be "1375 Hopmeadow Street, Simsbury, CT 06070 operated as a restaurant dba SK8TERS." The defendants run a restaurant and catering service on the premises.[1] The parties agree that the defendants are not the sole occupants of the premises, which also contain an ice rink. The defendant Robert Barrett testified that there are several locations within the premises which the defendants occupy.
Discussion
The service and form of a Notice to Quit is set forth in C.G.S. § 47a-23. Within that statute reads
 "(b)The notice shall be in writing substantially in the following form: "I(or we) hereby give you notice that you are to quit possession or occupancy of the (land, building, apartment or dwelling unit, . . .), now occupied by you at (here insert the address, including apartment number or other designation, as applicable) . . .
The case cited by the defendant and distinguished by the plaintiff in its facts sets forth the indisputable rule that this statute must be strictly construed. ". . . in view of the summary nature of the process the statute must be strictly followed, and the judgment to be rendered is for the possession of the property `of which he [the lessor] claims he is excluded." Vogel v. Bacus, 133 Conn. 95, 97 (1946).
The Notice to Quit fails to designate what part of 1375 Hopmeadow Street the plaintiff claims possession. It is clear from the testimony that there are several locations the defendant occupies. A defective Notice to Quit deprives this court of subject matter jurisdiction. A defective notice to quit deprives the court of subject matter jurisdiction, because, as a condition precedent to summary process action, a proper notice to quit is required. Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). The Motion to Dismiss is granted.
Alexandra Davis DiPentima, Judge