[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss this summary process case because of a defect in the notice to quit. Although the notice to quit is addressed to the defendant company at "435 Lake Avenue, Bristol CT 06010" and the return of service indicates in hand service at the same address, the body of the notice to quit describes the premises as located at "435 Lake Avenue, Connecticut". The issue presented is whether the error in omitting reference to any town in the description of the premises sought to be possessed by the plaintiff is a fatal jurisdictional flaw.
The authority presented by both sides is appropos. The notice to quit provides a basis for subject matter jurisdiction; Webb v.Ambler, 125 Conn. 543 (1939); and a notice to quit which does not accurately describe the premises in question is fatally defective. Vogel v. Bacus, 133 Conn. 95, 98 (1946). The statutes authorizing the summary process procedure are to be strictly construed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598
(1953).
Section 47a-23 (b) of the General Statutes requires that the body of the notice include the "address, including apartment CT Page 6175 number or other designation, as applicable." The town appears in the salutation or the direction of the notice to quit, and although the salutation has a different purpose from that of the body; see Seventeen High Street LLC v. Shoff-Darby InsuranceCompany, SNBR-423, No. SPNO-9502-17033 (Housing Session 1995); the juxtaposition of the salutation with the correct town and the body of the notice with no town at all is striking and eliminates any realistic chance of any reasonable person's being misled.
The court, as noted above, is sensitive to the need for precision in the context of the notice to quit. Hypertechnicality, especially where no reasonable person is likely to be misled, is likewise discouraged, however. The cases submitted by the plaintiff, which cases have upheld notices to quit in which the wrong town was stated in the body of the notice to quit; Sword v. Alogna, NH-2, No. SPNH-8110-047; and in which two towns were stated to be the address; Majestic ConstructionCo. v. Carlson, H-801, No. SPH-8609-34880; are instructive. Additionally, reference is made to Farrell v. Adams, H-65, No. SP-N-7905-353 NB (Housing Session 1979); DS Management v.Maldonaldo, H-583, No. SP-H-8410-25524 (Housing Session 1984);Nod Brook Mall Associates v. Howard L. Page Co., H-666, No. SPH-8506-2883 (Housing Session 1985); and State of Connecticut v.DeMilo Co., H-818, SPH-8607-33975 (Housing Session 1986). The reasoning of these cases is not unpersuasive: the common threads are that where an incomplete, as opposed to a complete but incorrect, address is supplied in the notice to quit, the case should not be dismissed where actual notice was received and where, in the circumstances presented in each case, there was no objective ground for confusion. See also Southland Corporation v.Vernon, 1 Conn. App. 439, 452-53 (1984), in which an arguably deficient basis for termination in a notice to quit was deemed harmless because of other documents which quite clearly spelled out the basis.
In the case at hand, because the full address appears on the notice to quit and it is impossible to conceive how a reasonable person would be mistaken or confused by the obvious typographical error in omitting the town from the body, the motion to dismiss is denied.[1]
Beach, J.