[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED NOVEMBER 26, 1996
The plaintiff served a notice to quit on the defendant and subsequently served a complaint relying on the notice to quit. The defendant has moved to dismiss the complaint on the ground that the notice to quit, in the circumstances of this case, inadequately describes the premises of which possession is sought Evidence was offered and heard at a hearing on November 6, 1996.
The evidence was not seriously disputed. The premises consists of a single building which is divided into a number of rooms, many of which do not connect internally. Four different street numbers are assigned to the building: 432, 434, 436 and 438 Broad Street in Bristol. The defendant occupied the areas corresponding to 432, 434 and 438; a gas station and minimart occupied 436. A prior action, in which the notice to quit described the premises as "436 Broad Street," had been dismissed because the description of the premises was found to be inadequate. In the course of that hearing, and in the hearing in this case, the tenant testified that his mailing address, and the address at which he advertised his business, was 434 CT Page 10198 Broad Street.
The plaintiff, accordingly, described the premises in the instant notice to quit in the following manner: "you are to quit possession or occupancy of the land, building, apartment or dwelling unit known as 434 Broad Street, Bristol, Connecticut . . ." There is no further description of the premises. The defendant claims that in the circumstances of this case, where the premises are somewhat balkanized and four numbers are assigned to different parts of the building and the defendant's portion is actually divided by another business, the description of the premises is inadequate.
An incorrect or incomplete description of the premises in the notice to quit is a defect which destroys subject matter jurisdiction. Vogel v. Bacus,133 Conn. 95 (1946). Especially in the context of commercial premises, where sundry portions of a building or other complex may by demised, the highly recommended practice has been to delineate with specificity those portions which the defendant is to quit, so that any possible ambiguity is avoided. See Seventeen HighStreet v. Shoff-Darby Ins., SNBR 423, NO. SPNO 9502-17033,14 CONN. L. RPTR. 286 (Housing Session 1995) (Tierney, J.).
Although the mailing address was correctly included in this notice to quit, and thus undoubtedly it was an improvement over the prior effort, it still falls short of an accurate description of the premises. Especially in light of the entirely disconnected portion of the premises, and the issue of the various back room areas which were demised, it would not be immediately apparent to a sheriff seeking to serve an execution which areas were subject to the execution. As suggested in Seventeen High Street, supra, reference to a floor plan would be helpful; there may also be other descriptions available. The motion to dismiss is granted.
BEACH, J. CT Page 10199