[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 7, 1997
In this summary process case, the defendants have moved to dismiss the complaint, on the ground that the description of the premises forming the basis of the original complaint is different from the description of the premises mentioned in the notice to quit. The file indicates that the notice to quit contains the address of 432-34 438" Broad Street and also refers to attached diagrams. The original complaint referred only to 434 Broad Street. The plaintiff has subsequently amended the complaint to CT Page 694-EEE conform to the notice to quit.
The defendants rely on Vogel v. Bacus, 133 Conn. 95 (1946) for the proposition that a complaint must conform to the notice to quit. While this may be true as a general proposition the flaw in the defendants' position in the context of this case is that it is the notice to quit not the original complaint, that forms the basis of subject matter jurisdiction in a summary process action. The basis for the defendants motion to dismiss is not that the notice to quit is defective, but rather that the original complaint did not conform to the notice to quit. The original complaint was, then, vulnerable to a motion to strike for failure to state a claim on which relief could be granted but a nonconformity does not in itself destroy subject matter jurisdiction.
Vogel v. Bacus, supra, supports the plaintiff's position. There, the notice to quit apparently named premises which were leased to someone other than the defendant. When the error was discovered, the plaintiff amended the complaint to allege the correct address, "also known as" the incorrect premises identified in the notice to quit. The facts did not support the allegation; the court also found that the error of incorrectly identifying the premises in the notice to quit was not harmless, because the notice to quit furnishes subject matter jurisdiction. CT Page 694-FFF The judgment in favor of the plaintiff was, therefore reversed.
This case is the flip side of Vogel. Here, the notice to quit is apparently accurate, or, at least, not disputed here. Subject matter jurisdiction is, then, not effectively challenged. While a motion to strike perhaps would have been appropriate, the remedy would have been to replead, which the plaintiff has already done.[1] The motion to dismiss is denied.[2]
BEACH, J.