[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant entered into a one year lease for the period November 1, 1996 to November 1, 1997. The lease called for a monthly rent of $900 payable on the first day of each month.
The plaintiff, proceeding pro se, served the defendant with a notice to quit for nonpayment of rent on December 10, 1996. He then commenced this summary process action.
General Statutes § 47a-15a provides in relevant part: "If rent is unpaid when due and the tenant fails to pay rent within CT Page 703 nine days thereafter . . . the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to47a-23b, inclusive."[1] At the time that the notice to quit was served on him, the defendant still had one day remaining to pay the rent. Therefore, the plaintiff could not terminate the rental agreement when he did so.
It is difficult not to sympathize with any honest landlord who, proceeding without a lawyer, attempts to evict a tenant for nonpayment of rent, only to be stymied by the interposition of the hypertechnicalities of Connecticut summary process law. Nonetheless, the law of this state is that "[a]s a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724,729 (1989). "The statutory remedy of summary process is in derogation of the common law and therefore must be strictly construed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598,601, 96 A.2d 217 (1953)." Wallingford Industrial Park v.Fabricated Metals for Electronics, Inc., 40 Conn. Sup. 107, 109
(1984).
For these reasons, the court is required by law to grant the motion to dismiss.[2]
BY THE COURT
Bruce L. Levin Judge of the Superior Court