[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
The defendant has moved to dismiss this summary process action on two grounds: she claims that her name was fatally misspelled in the notice to quit, and she claims that the wrong address was provided in the notice to quit. A short evidentiary hearing was held on January 20, 1998, and briefs were filed. There appears to be little dispute as to the applicable facts and law; the difficulty arises from the application of the law to the facts.
The premises were described in the notice to quit as "1655
Park Street, 3rd Floor West . . ." in Hartford. The defendant claims that she lives at 1653 Park Street, 3d Floor West. In support of her claim, she introduced photographs showing that the number over the street entrance to her premises is marked "1653", as well as various pieces of correspondence, addressed to her at the 1653 designation, which apparently were delivered successfully. The electric company told her, reportedly, that "1655" did not exist.
The plaintiff, while not necessarily disagreeing with any of the above, testified that in the course of a recent remodeling, which apparently was accomplished at least partly by the City of Hartford, the numerals over the entrance mistakenly omitted "1655", that is, the designation should have been "1653-1655". Apparently the residential apartments in the building, the ground floor of which is devoted to commercial space, had for a long time been divided into portions designated as 1653 and 1655; and the plaintiff considered them still to be so divided, despite the recent mistake in numbering. The premises demised to the defendant were in the 1655 portion. As the lease was oral and on a month to month basis, there was no written lease formally describing the premises. The landlord introduced a rental receipt which had been provided to the defendant on August 12, 1998; this receipt described the premises as "1655 Park Street, Flr 3, W" The plaintiff also introduced a map entitled "City of Hartford Dep't of Public Works Engineering-Assessor Property Map", dated October 1, 1984, which map shows consecutive numbering within the building in question which includes 1655.[1]
The factual conclusion, then, is fairly simple. Until the renovation, the residential area of the building included two street numbers. When the renovation occurred, someone mistakenly put only one of the two numbers over the door. The plaintiff still considered there to be two numbers and, as evidenced by the CT Page 2304 receipt in evidence, believed that the defendant lived in 1655. The plaintiff apparently believed that because of the way the numbering actually appeared and the way in which she received her mail, 1655 no longer existed, if it ever did. Both beliefs are reasonable.
Similarly, there is no significant difference in the black letter law urged by both parties. It is of course true that a correct description of the premises must appear in the notice to quit; otherwise, subject matter jurisdiction is lacking. Section47a-23 (b) of the General Statutes; Vogel v. Bacus, 133 Conn. 95,98 (1946); Lampasona v. Jacobs, 209 Conn. 724, 729 (1989). The issue presented is what is the correct address. Ordinarily, if the mailing address and the physical address differ, the address physically describing the premises should be used. See SeventeenHigh Street v. Shoff-Darby Ins., SNBR-423, No. SPNO 9502 17033 (Housing Session 1995) (Tierney, J.), and cases cited therein;Lagana v. Rys, No. SPN 24463 (Housing Session 1996).
On the facts of this case, I find it more likely that the correct physical address is 1655 Park Street. I should note that the plaintiff could find himself in a cyclical conundrum, for had he chosen the 1653 number, the plaintiff presumably could have moved to dismiss because of the receipt for the August rent. There was no evidence that the sheriff had any difficulty locating the premises designated in the notice to quit.
Finally, there may be a qualitative difference, in the address context, between naming in the notice to quit an incorrect address which itself exists and naming an address which, though perhaps not correct, cannot describe any premises other than those intended to be the subject of the notice to quit. In Vogel v. Bacus, supra, for example, the plaintiff named in the notice to quit an incorrect address which not only did not appropriately describe the demised premises, it also did adequately describe an entirely different location. The potential for prejudicial confusion is rather obviously greater in the situation where the incorrectly named premises exist and are other than the premises in issue. In the instant case, the address cited in the notice to quit could not logically apply to any premises other than those demised to the defendant.
Finally, the misspelling of the defendant's name would appear to be a scrivener's error, and ought not defeat subject matter jurisdiction. See, e.g., Freshwater Pond Apartments v. Emonds,
CT Page 2305 SPH 8912 53546, cited by the plaintiff.
Though the issue was raised in good faith, the motion to dismiss is denied.[2]
Beach, J.