[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
In this summary process action, the defendant has moved to dismiss the action on the ground that there is an insufficient description of the premises in the notice to quit. The description included in the notice to quit is, in its entirety, "[a] portion of the premises known as 320-324 West Main Street (Albany Turnpike), Avon, Connecticut consisting of 2000 square feet plus 500 square feet of basement space." There is no other designation appearing in the notice to quit.
A notice to quit which does not accurately and reasonably specifically describe the premises sought to be recovered by the CT Page 6410 landlord is fatally defective. Vogel v. Bacus,133 Conn. 95, 98 (1946). Statutes authorizing the summary process procedure are to be strictly construed. Jo-Mark Sand Gravel Co. v.Pantanella, 139 Conn. 598 (1953). Case law, cited by both sides in the instant matter, is replete with examples of descriptions which have been deemed to be sufficient and those which are not. A summary of the ample case law suggests that the description must be sufficiently precise so that not only the parties to the action but also the sheriff and other third parties can be apprised as definitively as is practicable in the circumstances as to the premises in issue. Hypertechnicality, on the other hand, is not required.
Perhaps the closest cases on the facts are Seventeen HighStreet LLC v. Shoff-Darby Insurance Company SNBR-423 (Housing Session 1995), in which Judge Tierney held that a diagram of commercial premises was sufficient, and First City Bank v.Scarritt, SPN 9606-24360 (Housing Session 1996). In the circumstances of this case, in which the demised premises are but a part of a larger building, it seems quite clear that some
further delineation is required. For example, a diagram was reportedly attached to the lease of the premises; the above-cited authority strongly suggests the use of one or more diagrams where verbal or numerical descriptions might be unduly cumbersome or imprecise. Where, as here, there is no description of the demised premises other than mention of the larger building in which they are located[1], the motion to dismiss must be granted.
Beach, J.