[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISMISS
Defendant John J. Kulak moves to dismiss the summary process complaint brought against him by plaintiffs Brian Victor and Deborah Hellings. The court finds the issues in favor of the defendant.
The facts essential to the court's decision are not in dispute, some appearing in the applicable pleadings, others having been essentially conceded by the parties through their respective counsel during oral argument on this motion.
The defendant and Florence Kulak were married in 1986, at which time CT Page 5235 Florence Kulak owned the premises in question, a single family residence in the village of Kensington. Following some marital discord, Florence Kulak secretly and without notice to her husband, the defendant, conveyed her interest in the house to her children by a previous marriage. These step-children of the defendant, Brian Victor and Deborah Hellings, are the plaintiffs in this case.
The marital difficulties between the defendant and Florence Kulak have reemerged, and there is pending an action for the dissolution of the marriage. One of the issues in that action is the defendant's contention that he had an equitable interest in the house based on contributions he made over the years of their marriage and that, therefore, the conveyance of the premises by Florence Kulak to her children without his knowledge and consent was fraudulent.
On November 8, 2000, the plaintiffs served on the defendant a notice to quit the premises on or before December 1, 2000, stating as the reason that "Your right or privilege to occupy said premises has terminated."
On December 20, 2000, the plaintiffs filed in this court a summary process complaint against the defendant, dated December 6, alleging in paragraph 2 that the "defendant has (sic) the right or privilege to occupy the premises but has lost that right or privilege." In paragraph 3, the complaint alleges service of the notice to quit the premises on or before December 1, 2000, and that notice to quit is attached to the complaint. In response to the defendant's request to revise, the plaintiffs filed an amendment to paragraph 2 of the complaint on March 22, 2001. Paragraph 2 was amended to read: "The defendant had the right or privilege to occupy the premises but has lost that right or privilege as of December 6, 2000 when the plaintiffs determined they wished possession of the premises. There was no written lease between the parties and the defendant had the right to occupy the premises solely at the sufferance of the plaintiffs."
On March 28, 2001, the defendant filed this motion to dismiss the complaint. In his brief to the court and at oral argument, the defendant advances essentially three arguments in support of the motion: 1) that the defendant is not and never was a tenant within the meaning of landlord-tenant law; 2) that the dispute between the parties should be resolved in conjunction with the dissolution action already pending before the court; and 3) that there is a discrepancy between the notice to quit and the summary process complaint that affects the court's subject matter jurisdiction.
Subsequent to oral argument on the motion to dismiss but prior to the court's decision, the plaintiffs filed a further amendment to the CT Page 5236 complaint, apparently to counter part of the defendant's argument in support of the motion. That amendment changes the date when the plaintiffs allege that the tenancy terminated from December 6, 2000 to December 1, 2000.
The plaintiffs' threshold objection that the motion to dismiss is untimely may not be sustained. Questions related to the court's subject matter jurisdiction may be raised at any time by a party or sua sponte by the court and must be resolved before any consideration of the merits of the plaintiffs' complaint. Practice Book sec. 10-33; Castro v. Viera,207 Conn. 420, 429 (1988); Glastonbury Volunteer Ambulance Association.Inc. v. FOI, 227 Conn. 848 (1993).
It is axiomatic that a valid notice to quit is a condition precedent to the initiation of a summary process action. It is that notice which terminates the tenancy. The notice to quit must state the reason for the termination of the tenancy and such reason must be one of those enumerated in C.G.S. 47a-23. It follows that the reason for the termination of the tenancy alleged in the complaint and the reason set forth in the notice to quit must be consistent. "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724, 729 (1989). See also:Vogel v. Bacus, 133 Conn. 95 (1946); Webb v. Ambler, 125 Conn. 543; ParkView West Associates v. Bloom, Superior Court, judicial district of Hartford/New Britain at Hartford Housing Session, docket No. SP-H-7902-595 WH, Decision #23 (April 16, 1979, Spada, J.).
In the present case, the notice to quit does not adequately set forth the reason for the termination of the defendant's tenancy. As noted, the reason given by the plaintiffs is simply that "Your right or privilege to occupy said premises has terminated." Under the circumstances of this case, that statement did not apprise the defendant of the actual basis of the plaintiffs' action and thus permit an informed assessment of his situation and effective response. Furthermore, there is nothing to indicate that the defendant had actual knowledge of the reason for the purported termination.
In Southland Corporation v. Vernon, 1 Conn. App. 439 (1984), the plaintiff was a franchisor and the lessor of property leased to the defendant under a franchise agreement which provided that the lease would terminate upon termination of the franchise. The plaintiff first instituted an action to terminate the franchise and then, several months later, served a notice to quit on the defendant-franchisee. Like the notice in this case, that notice gave as the reason for termination the simple statement, "your right or privilege to occupy such premises has terminated." The defendant tenant objected that the reason given was CT Page 5237 inadequate. The court held, however, that under the circumstances of that case, the statement constituted an adequate statement of the reason for the termination of the tenancy. In so holding, the court noted that the plaintiff had already initiated termination of the underlying franchise and that "it is inconceivable that the defendant did not know that the basis for the claim of termination of his right to occupy the premises was the claimed termination of the franchise." Under those circumstances, the court held, the defendant was properly charged with knowing that the statutory reason was "one originally had the right or privilege to occupy such premises but such right or privilege has terminated," citing C.G.S. 47a-23 (a)(3). In essence, the court held that a statement merely that a tenancy has terminated may be sufficient if there are other facts that indicate the tenant has actual knowledge of the reason for the termination.
In the present case, there is nothing to indicate that the defendant had any knowledge of the statutory reason for the termination. Indeed, the defendant had never entered into a landlord-tenant relationship with the plaintiffs, it appears he was unaware of their asserted interest in the property, he had always occupied the premises as the spouse of the owner of record, he considered himself as an equitable part-owner, and the marriage was still legally intact. In this regard, the court notes that among the reasons for termination authorized by C.G.S. 47a-23 (a) are "(2) when such premises . . . is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated." If the plaintiffs in this case had determined that the defendant's tenancy fit one of those options, they were obligated to so state in their notice to quit. Their apparent ambivalence on this point is mirrored in their revised complaint, which states first that the defendant once had the right to occupy the premises but then states that he was only a tenant by sufferance. In its present form, the notice fails to apprise the defendant of the legal basis for termination which the plaintiffs are asserting, and the court finds that he did not have actual knowledge of any such basis.
Although the technical flaw noted above is sufficient to deprive the court of subject matter jurisdiction, it is appropriate here to note a more fundamental defect in this summary process action which may be relevant in the event that the plaintiffs bring a new action in the future. It is that the plaintiffs are attempting to utilize the summary process laws to accomplish a purpose that those laws neither contemplate nor permit.
"When the owner . . . desires to obtain possession or occupancy of any land or building . . . such owner . . . shall give notice to each lessee or CT Page 5238 occupant to quit possession or occupancy of such land or building. . . ." C.G.S. 47a-23 (a). (Emphasis added.) "The ultimate issue in a summary process action is the right to possession." Southland Corporation v.Vernon, supra, 1 Conn. App. 443. In furtherance of this explicit purpose of the summary process laws, C.G.S. 47a-26h essentially provides that the owner or landlord must include all occupants of the premises in the summary process action. That statute further provides that no execution of a summary process judgment "shall be issued or enforced unless valid execution has been issued against all occupants of the premises," with the only exception, notable for its unique factual basis, being the case of a person who is involved in illegal drug trafficking. In that case, and that case only, a landlord can select one tenant out of a group for execution on the judgment.
The provisions of the law of summary process set forth above are briefly summarized here simply to illustrate that the fundamental purpose of that law is to enable a lessor or property owner to bring an action to regain complete possession of the property, which is the antithesis of an action which leaves a third person in possession.
It is also appropriate to note another aspect of this case which bears on the jurisdiction of the housing division of the Superior Court. Stripped of the details of the family dispute, this is a case where the property owners seek to evict one spouse in a valid intact marriage while leaving the other spouse in possession. And the stated reason for this selective eviction is merely that the right of the evicted spouse "has terminated." Such an action is plainly not in accord with the explicit purpose of the summary process laws — to enable owners to obtain complete possession of their property from occupants whose rights have terminated. Perhaps more importantly, it is also clearly in conflict with the obvious public interest in protecting the stability of existing marriages. Surely, the legislature did not intend the summary process statutes to be employed by a landlord who might wish, arbitrarily and unilaterally, to disrupt or interfere with an existing marriage relationship by severing the rights of a husband and wife to occupy the same premises. The plaintiffs' action in this case, however, is necessarily based on precisely that theory, which this court is asked to endorse by implication.
Of course, this case cannot be divorced from its particular factual setting. The defendant and his wife are engaged in a separate action for the dissolution of their marriage. Both are currently occupying the premises in question. The wife's attorney in that action represents her children, who are the plaintiffs in this summary process action. The attorney is, therefore, representing both the owners and one of the occupants of property in a summary process action. Not only does this CT Page 5239 appear to be a clear conflict of interest, especially in view of the provisions of C.G.S. 47a-26h, noted above, it plainly indicates that any new summary process action between these parties while the dissolution action is pending should be resolved in conjunction with that dissolution action.
In summary, this complaint must be dismissed because of the failure of the notice to quit adequately to specify the reason for the termination of the tenancy. In the event, the plaintiffs institute a new action, by serving a new notice to quit and a new complaint, such new action must include all occupants of the premises as defendants or it will be subject to a motion to strike for failure to join a necessary party. Practice Book sec. 25-16. Because of the relationship of the various parties and the pending action for the dissolution of the marriage, it is likely that such new action will be transferred to the family docket of the court, which in the court's view would be a more suitable venue. See C.G.S. 47a-70
(a). The family court would then be in a position to evaluate the respective claims of the parties and the defendant's wife, both in the context of the dissolution action and as they relate to the summary process action.
The motion to dismiss is granted.
Maloney. J.