[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this summary process action, defendants have moved for summary judgment. A "motion for summary judgment is designed to eliminate the delay and its expense of litigating an issue where there is no real issue CT Page 1475 to be tried." Wilson v. New Haven, 213 Conn. 277, 279 (1989). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dressed trial." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375 (1969). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995).
Defendants base their motion for summary judgment on two claims. The first is that the tax sale through which plaintiff acquired title to the premises from which it seeks to evict defendants was flawed because the city did not have written permission from the FDIC to conduct the sale. The second claim is that the action is defective in that the premises described in the complaint differs from the property described in the notice to quit. The second claim will be considered first.
Statutes authorizing the summary process procedure are to be strictly construed. Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598
(1953). A notice to quit which does not accurately describe the premises in question is fatally defective. Vogel v. Bacus, 133 Conn. 95, 98
(1946).
In paragraph 11 of the complaint, plaintiff alleges that it caused a notice to quit to be served on each defendant on August 7, 2000. By their amended answer, defendants admit the allegations of paragraph 11 of the complaint.
In paragraph 1 of the complaint, plaintiff describes the premises as 929-939 Pequot Avenue, New London. Paragraph 1 also alleges that the premises are more accurately described in Exhibit 1 attached to the complaint. Exhibit 1 contains the legal description of land situated on the northwesterly side of Pequot Avenue.
The notice to quit states "I hereby give you notice that you are to quit possession of the premises known as 929-939 Pequot Avenue, New London, Connecticut, and more particularly described in Exhibit A attached hereto."
Exhibit A contains a legal description of property on the northwest side of Pequot Avenue. This description is identical to the legal description found in Exhibit 1 attached to the complaint. Exhibit A also contains the legal description to a second tract lying between Pequot CT Page 1476 Avenue and the waters of New London harbor together with a reference to the tax collector's deed to FDIC. In the notice to quit, plaintiff is described as "owner of the premises pursuant to Schedule B." Exhibit B is a copy of a quit claim deed from FDIC to plaintiff with a description which contains the same two tracts found in Exhibit A.
On September 5, 2000, the parties entered into a stipulation which contains the following paragraph:
 (1) The premises subject to this summary process action consists of eight building lots, six of which are essentially unimproved but used [at least in part] in beach season for beach parking, and two of which are improved with one residence each ["the premises'].
The difficulty here appears to have arisen out of the fact that the City of New London in its deed to FDIC included the second tract lying between Pequot Avenue and New London harbor, which was not in defendants' name. It does not appear that plaintiffs ever acquired title to this property. This was known to all parties and the City of New London issued a corrective deed.
While summary process actions must be strictly construed, hyper technicality, especially when no reasonable person is likely to have been misled could not form the basis for summary judgment. Here, the notice to quit and the complaint both contain an accurate description of the premises from which plaintiff seeks to evict defendants. The fact that the description of an additional tract of beachfront property, which defendants did not hold title to, was contained in the notice to quit could not reasonably be found to have caused defendants to be misled. Summary judgment cannot be granted on the basis of defendants' claim that the notice to quit was defective.
Defendants also claim in their motion that the tax sale from the City of New London to FDIC, through which plaintiff acquired its title to the premises, was defective in that the city did not have written permission from FDIC to conduct the sale. This claim involves questions of fact and law which more appropriately should be resolved at trial. Summary judgment is not well adapted to cases of complex nature. Miller v. UnitedTechnologies Corp, supra, 233 Conn. 752. This claim is complicated by a number of issues. Plaintiffs contend that defendants have no standing to interpose this claim. The fact that the FDIC itself was the purchaser of the property also appears to make the requirement of written permission irrelevant. Also, attacks on the validity of a tax sale are severely limited by the provisions of General Statutes § 12-159. CT Page 1477
It is noted that on November 9, 2000, the court granted defendants' motion to transfer and consolidate this summary process action with a quiet title action pending before the court. There also is an action pending which directly questions the validity of the tax sale. Questions on the validity of the tax sale, and the authority of the City of New London to convey the property by tax sale, are best resolved by a full hearing on the issues.
Accordingly, the motion for summary judgment is denied.
Joseph J. Purtill Judge Trial Referee